Maxwell, J.
In 1889 Mason M. Colby settled upon and improved an agricultural claim under the pre-emption laws of the United States, upon what was then unsurveyed public land in Mesa county, this state. This claim included the lower end and outlet of Leon Lake, and about 2,500 feet of the shore line of the lake.
Colby continued in possession of this claim, improving it until patent issued therefor to him, Jan- ' uary 15, 1897.
In 1893 appellants, plaintiffs below, or some one or more of them, surveyed Leon lake as a reservoir site, intending to use the water to be stored therein for the irrigation of their lands in Mesa county, lying under the Plateau High-Line Ditch, of which ditch they were the owners.
It is claimed by appellants that Colby was present and assisted in making this survey, and at that time consented to the construction of a dam by appellants upon his claim.
In 1896 a map of this survey was filed, ih the local land office at Grlenwood Springs, pursuant to the provisions of the act of congress March 3, 1891 (Supp. to Rev. Stats. U. S. 626, 26 U. S. Stats. at *520 Large 1101 et seq.), and the same was approved by the secretary of the interior, November 19, 1896.
In 1895 and 1896 appellants did some work at the outlet of the lake, upon Colby’s land, in the construction of a dam, with the knowledge, consent and acquiescence of Colby, as they claim.
Since 1896 no work whatever has been placed upon the dam or reservoir by appellants.
In 1898 Colby seems to have decided to locate • Leon lake as a reservoir site, and with that intention, had a survey made, map filed, and did some work that year and the following, in the construction of a dam at the outlet.
In 1900 appellee, defendant below, acquired by purchase and conveyance the title of Colby to the reservoir, reservoir site, rights of way and easements, necessary to the construction and .maintenance of a reservoir and ditch therefrom, and proceeded to construct a dam at the outlet, and for that purpose was removing the structure placed at the outlet by the appellants. Upon appellants’ application, a temporary writ of injunction issued out of the court below without notice, to restrain the further prosecution of work by appellee.
The complaint, so far as necessary to be stated, averred that the appellants acquired their rights and right of way to the reservoir site and reservoir by complying with the laws of the state of Colorado and of the United States, in this respect.
The answer joined issue upon this averment, and as a further defense and cross-complaint, after setting forth Colby’s title, averred that the appellee, previous to commencing work upon the reservoir site, acquired all of the rights of Colby in and to his dam, ditch, reservoir and water rights in and about Leon lake and the necessary right of way and easements for the reservoir and ditch, for the purpose of con *521 structing a dam to raise the water thirty-five feet above tbe level of tbe lake, said water to be used for tbe irrigation of lands in Delta connty.
The reply joined issue- upon tbe affirmative averments of the answer and cross-complaint, and averred that all of tbe labor performed upon said reservoir by appellants, so far as it was performed upon tbe land of Colby, was done and performed with bis consent and acquiescence.
Thus it is seen that tbe facts relied upon in tbe reply constitute a departure from tbe cause of action stated in tbe complaint, which should have been taken advantage of by tbe defendant, if at all, before tbe trial.
Tbe defendant having voluntarily gone to trial, without raising tbe question of departure in tbe pleadings, thereby waived such departure. — Kannaugh v. Quartette Mining Co., 16 Colo. 341-345; Rocky Ford Co. v. Simpson, 5 Colo. App. 30-34.
The trial judge, at tbe conclusion of tbe trial upon the merits, in what appears to be an oral opinion, held contrary to tbe above authorities, which was error.
Tbe findings of fact, embodied in tbe decree, by which we are bound, decide the question of license raised by tbe reply, so that tbe above error did not affect tbe substantial rights of appellants, and must be disregarded, under tbe mandate of section 78, Mills ’ Ann. Code.
Tbe appellants in their pleadings, proof and argument here, rely upon,
1. A compliance with tbe act of congress of March 3, 1891, supra, and tbe approval of their map by tbe secretary of the interior.
In Nippel v. Forker, 26 Colo. 74, a reservoir case, tbe approval of tbe secretary of tbe interior was subject to “all other valid existing rights.” The *522 court held, in substance, that the approval of the secretary of the interior of a map of a reservoir site, under the provisions of the act of congress of March 3, 1891, gives such reservoir the right of way only over such lands as were vacant and unoccupied at the time of the approval of the map.
In the case at bar the approval was “subject to all vested existing rights.”
At the date of the approval, the land, upon which appellánts sought to construct their dam, was not vacant, but subject to the vested and existing rights of Colby, could not have been affected by such approval, and appellants acquired thereby no rights to such lands, as against Colby.
It is contended by appellants that the act of congress of March 3, 1891, conferred upon them a grant in praesenti, of the exclusive right, for a period of five years from the date of the approval of the land within the lines of their survey, for reservoir purposes; that such right can only be forfeited by the government, by legislative enactment or judicial determination, in proceedings instituted by the government for that purpose, and that such forfeiture cannot be determined by the state courts.
A decisive answer to' this position is found in a decision of the commissioner of the general land office in this very matter.
It seems that, in 1902, appellee here, pursuant to the act of congress of March 3,1891, supra, filed in the local land office at Grlenwood Springs, its map and field notes of survey for the reservoir in controversy herein. Appellant protested against the approval of the same upon the ground, inter alia, that the same site had been approved to them November 19, 1896.
In a., letter to the register and receiver of the *523 Glenwood Springs land office, the commissioner held:
‘ ‘ The allegation of protestants that the right of way in question is practically the same as that which - was approved November 19,1896, by the secretary of the interior to Baldridge and others, under the provisions of the act of March 3,1891, is corroborated by the records of this office. * * *
“Under the said act of March 3, 1891, if the reservoir is not completed within five years from the date of approval, the rights thereunder shall be forfeited. The present applicant has shown that Baldridge and his associates failed to construct the reservoir within the period prescribed by the statute, and the district court of Mesa county, Colorado, so decided in a suit brought by them against the present applicants for injunctive relief. A copy of this decision accompanies the record, but there is no evidence before this office that such decision has been declared final. If it has been, this is equivalent to a declaration of forfeiture of all rights under the former approval; so that the second application could be allowed. If it has not been declared final, action on the application of The Leon Lake Ditch and Reservoir Company must be suspended, until the court proceedings are finally determined.” •
From the foregoing, it is manifest that the general land office of the United States, the tribunal designated by congress to pass upon questions, arising out of the. disposition of public lands, recognizes the jurisdiction of the state courts to hear and determine questions of forfeiture of grants under the act of congress of March 3, 1891, supra, and that the final decision of the state courts will be equivalent to a declaration of forfeiture of all rights under said act. • ;
2. • A license granted by Colby, to. the plaintiffs, *524 to construct a dam and liis acquiescence in the work performed thereon by them.
DeGraffenried v. Savage, 9 Colo. App. 131, is cited in support.
The case cited is not applicable, for the sufficient reason that the findings of fact of the trial judge, at the conclusion of the trial upon the merits, as embodied in the decree, were against appellant upon this point. Such findings are:
“That neither the plaintiffs nor their grantors ever acquired any right of way or easement or privilege to flood the- land of said Mason M. Colby or to build a dam, ditch or flume upon the said land or any part of it, nor did they condemn said land or any part thereof. That during the years 1895 and 1896 the plaintiffs and their grantors entered upon said premises, owned and occupied by said Mason M. Colby, and without right or authority from him constructed an insufficient dam upon his said premises at the- outlet of Leon Lake. ’ ’
This case was heard twice by the trial judge; first, upon motion to dissolve the temporary injunction, which was granted, and again, upon the merits, when the injunction prayed was denied and the action dismissed.
Upon this record, under the well-settled rule of the appellate court of this state, the findings of fact of the trial judge are conclusive upon this court.
Perceiving no reversible error in the record, the judgment must be affirmed. Affiirmed.
Thomson, P. J., not sitting.