(September 3, 1921.)

EDNA M. CARNS, Appellant, v. IDAHO-IOWA LATERAL
    AND RESERVOIR COMPANY, a Corporation, Respondent.

[202 Pac. 1071.]

PUBLIC LANDS—RIGHT OF WAY—FORFEITURE.

1. A grant of right of way under the act of Congress of March 3, 1891, is *in praesenti*, and is subject to forfeiture for failure to complete the works within five years after the location of the same.

2. The provision in the statute for a forfeiture of a right of way granted under the act of March 3, 1891, either for failure to complete the works within five years after the location of the same, or for failure to make use of the right of way for the purposes for which granted, is one for breach of condition subsequent, and failure to comply with such conditions does not operate *ipso facto* to divest the title of the grantee.

3. The title to a right of way granted under the act of March 3, 1891, does not become void upon breach of condition subsequent, but must be terminated by an action brought for the purpose of having a forfeiture declared or by a re-entry by one invested with the right of re-entry.

APPEAL from the District Court of the Third Judicial District, for Ada County.   Hon. Charles P. McCarthy, Judge.

Action to quiet title.   Judgment for defendant.   *Affirmed.*

E. G. Davis, for Appellant.

Where an easement in certain lands has been granted as a right of way for a reservoir for purposes of irrigation under the act of March 3, 1891, and the fee in said lands is later granted subject to the said right of way by government patent to homestead settlers thereon, the owner of the servient fee, in order to protect his right of reversion, may bring a suit in a state court to declare a forfeiture of such right of way, and the state court has jurisdiction, upon a proper showing, to decree such forfeiture.   (*Crandall v. Goss,* 30 Ida. 661, 167 Pac. 1025; *Whitmore v. Pleasant Valley Coal Co.,* 27 Utah, 284, 75 Pac. 748; *Baldridge v. Leon Lake, Ditch & Reservoir Co.,* 20 Colo. App. 518, 80 Pac. 477; *Denver & R. G. R. R. Co. v. Mills,* 222 Fed. 481, 138 C. C. A. 77; *Idaho-Iowa Lateral & Reservoir Co. v. Fisher,* 27 Ida. 695, 704, 151 Pac. 998; Jones on Easements, secs. 844, 855; *Neitzel v. Spokane International R. R. Co.,* 65 Wash. 100, 117 Pac. 864, 36 L. R. A., N. S., 522; *Reichenbach v. Washington Short Line R. R. Co.,* 10 Wash. 357, 38 Pac. 1126.)

In addition to a forfeiture resulting from failure to comply with the act of March 3, 1891 (26 Stat. 1095; U. S. Comp. Stats., sec. 4934; 8 Fed. Stats. Ann., p. 803), there has been a forfeiture under sec. 5582, C. S. of Idaho, of all right to the use of water attempted to be appropriated for lands under the reservoir in question, and this forfeiture of a water right carries with it a forfeiture of all rights of way for ditches, reservoirs, etc., which forfeiture the owner of the fee in the lands to which such right of way attaches may enforce in a state court.   (*Smith v. Hawkins,* 110 Cal. 122, 42 Pac. 453; Kinney on Irrigation & Water Rights, 2d ed., sec. 1118.)

Richards & Haga and C. C. Cavanah, for Respondent.

The various acts of Congress granting rights of way to railroads, canal companies and reservoir companies vest a qualified limited or conditional fee in the right of way claimant, subject to the express condition that the railroad, canal or reservoir be constructed within the time limited in the act, and to an implied condition that the land granted be used for the purposes of the grant. (*Rio Grande Western R. R. Co. v. Stringham*, 239 U. S. 44, 36 Sup. Ct. 5, 60 L. ed. 136; *Oregon Short Line R. R. Co. v. Stalker*, 14 Ida. 362, 94 Pac. 56; *Northern Pacific Ry. Co. v. Townsend*, 190 U. S. 267, 23 Sup. Ct. 671, 47 L. ed. 1044; *Stalker v. Oregon Short Line R. R. Co.*, 225 U. S. 142, 32 Sup. Ct. 636, 56 L. ed. 1027; *Hamilton v. Spokane etc. Ry. Co.*, 3 Ida. 164, 28 Pac. 408; *Allen v. Denver etc. Co.*, 38 L. D. 207; *Melder v. White*, 28 L. D. 412; *United States v. Northern Pacific Ry. Co.*, 177 U. S. 435, 20 Sup. Ct. 706, 44 L. ed. 836; *St. Joseph etc. Co. v. Baldwin*, 103 U. S. 426, 26 L. ed. 578; *Union Pacific R. R. Co. v. Snow*, 231 U. S. 204, 34 Sup. Ct. 104, 58 L. ed. 184; *Regulations of Interior Dept.*, 12 L. D. 429, 31 L. D. 503, 36 L. D. 566; *New Mexico v. United States Trust Co.*, 172 U. S. 171, 19 Sup. Ct. 128, 43 L. ed. 407; *United States v. Michigan*, 190 U. S. 379, 23 Sup. Ct. 742, 47 L. ed. 1103; *Western Union Tel. Co. v. Pennsylvania R. R. Co.*, 195 U. S. 440, 1 Ann. Cas. 517, 25 Sup. Ct. 133, 49 L. ed. 312.)

Upon a breach of the express or implied condition of the grant the right of way estate does not terminate *ipso facto*, but there must be a declaration of forfeiture either by act of Congress or in judicial proceedings instituted by the United States under congressional authority in order to terminate the grant. (*United States v. Whitney*, 176 Fed. 593; *United States v. Washington Improvement Co.*, 189 Fed. 674; *Union Pacific R. R. Co. v. Snow*, 231 U. S. 204, 34 Sup. Ct. 104, 58 L. ed. 184; *Union Land & Stock Co. v. United States*, 257 Fed. 635, 168 C. C. A. 585; *Schulenberg v. Harriman*, 21 Wall. 44, 22 L. ed. 551; *United States v. Northern*

*Pacific Ry. Co.,* 177 U. S. 435, 20 Sup. Ct. 706, 44 L. ed. 836; *Bybee v. Oregon & California R. R. Co.,* 139 U. S. 63, 11 Sup. Ct. 641, 35 L. ed. 305.)

The right of re-entry by the government or its possibility of reverter for condition broken is not conveyed by patents issued subject to the right of way and cannot be asserted by the patentees of the legal subdivisions including the right of way. (*O. S. L. R. R. Co. v. Stalker, supra; Northern Pacific Ry. Co. v. Townsend,* 190 U. S. 267, 23 Sup. Ct. 671, 47 L. ed. 1044; *Union Pacific Ry. Co. v. Snow,* 231 U. S. 204, 34 Sup. Ct. 104, 58 L. ed 184; *Northern Pac. Ry. Co. v. Smith,* 171 U. S. 260, 18 Sup. Ct. 794, 43 L. ed. 157; *St. Joseph Co. v. Baldwin,* 103 U. S. 426, 26 L. ed. 478; 1 Tiffany on Real Property, 3d ed., pp. 311, 312, 334, 472–474; Jones on Easements, sec. 844.)

RICE, C. J.—In her complaint appellant alleged that she was the owner of a certain tract of land situated in Ada county; that the respondent had partially constructed a dam and reservoir on her land and impounded water therein; that the water so impounded overflows her land; that respondent claims an easement in her land for reservoir purposes, but the same is unlawful and wholly without right. Respondent in its answer admitted that it had constructed a reservoir and overflowed the land of appellant with the water impounded therein. By way of defense respondent alleged that while the land in controversy was unoccupied government land it had filed in the United States land office at Boise, Idaho, a map of its proposed reservoir, together with all other data required by the statute and regulations of the Department of the Interior, which map was approved by the Secretary of the Interior; that it constructed its reservoir and thereafter filed in the land office a map of amended definite location showing the reservoir as actually constructed, which included a smaller area than that embraced in the original application and also presented proof of such construction as required by the regulations of the

department; that thereafter the Secretary of the Interior approved the map of amended definite location and accepted the proof of the completion of the reservoir, and that appellant made entry of the land and received patent therefor subject to the right of way of respondent.

The appeal is from the judgment for defendant.

Appellant contends that the right of way for reservoir purposes, under the act of March 3, 1891, 26 Stats. at L. 1101, 1102, U. S. Comp. Stats., secs. 4934–4936, 8 Fed. Stats. Ann., pp. 803–805, must be for purposes of irrigation; that the evidence showed that respondent had not used the waters impounded in the reservoir for a period extending over many years and that it had therefore forfeited its right to maintain the reservoir. On the other hand, respondent contends that the right to have a forfeiture declared can be exercised only by the United States government either by means of a judicial proceeding brought for that purpose or by some appropriate act of Congress. We do not think that either contention can be considered in view of the condition of the record. The grant of right of way for reservoir, under the congressional act before mentioned, is one *in praesenti*, subject to forfeiture for failure to complete the works within five years after the location of the same. (*United States v. Whitney*, 176 Fed. 593.) In this case it is said: "This requirement being in the nature of a condition subsequent, the rule undoubtedly is that failure to comply therewith does not operate *ipso facto* to divest the grantee of the title and reinvest the grantor therewith, but that to be effectual, the default must be followed with a declaration of forfeiture by some competent authority, and, the grant here being of a public nature, such declaration can be made only by an act of Congress, or in an appropriate judicial proceeding." (See, also, *Union Land & Stock Co. v. United States*, 257 Fed. 635, 168 C. C. A. 585; *Schulenberg v. Harriman*, 21 Wall. 44, 22 L. ed. 551.) The same principle applies where it is claimed that the right of way

has been forfeited for failure to use it for the purposes for which it was granted.

Waiving the question as to the capacity of appellant to bring an action in a state court to have a forfeiture declared, we think that it is necessary that a complaint seeking such relief set out the grounds upon which a forfeiture is sought. Forfeitures are not favored by the law, and where it is sought to enforce a forfeiture, the defendant is entitled to be informed by the pleadings as to the exact ground upon which it is claimed. Under the pleadings of the case at bar the appellant merely alleged that the claim of respondent of an easement for reservoir purposes was one unlawful and without right.

The answer of respondent alleging that it owned the right of way by compliance with the act of Congress above mentioned presented a complete defense to the cause of action alleged in the complaint. Appellant made no allegation in her complaint which would justify her in attempting to show that the right of way had been forfeited by breach of condition subsequent. It is true that our statute does not provide for a reply and that affirmative defenses are by statute deemed to be denied. But since a failure to use the right of way for the purposes for which it was granted does not *ipso facto* effect a forfeiture, proof that respondent had failed to use the reservoir for irrigation purposes for a long number of years would not of itself defeat its title to the right of way for the reservoir. Its title continues until there has been a judicial declaration of forfeiture, or until there has been a re-entry by one invested with the right of re-entry.

The judgment is affirmed, with costs to respondent.

Dunn and Lee, JJ., concur.

Budge, J., did not sit at the hearing or take any part in the opinion.

McCarthy, J., being disqualified, did not sit at the hearing or take any part in the opinion.

(December 31, 1921.)

ON REHEARING.

LEE, J.—A rehearing was granted herein October 31st, and the case was reargued November 28th following. The original opinion will be found in *Carns v. Idaho-Iowa Lateral & Reservoir Co., ante,* p. 330, 202 Pac. 1071. *Hurst v. Idaho-Iowa Lateral & Reservoir Co., post,* p. 342, 202 Pac. 1068, involves the same questions as to title, and from that case it appears that the appellant here, some time subsequent to having brought this action, conveyed her title to that part of the premises which had been patented to her to the plaintiff in that action, so that the question of the title here in controversy appears to be also before the court in that action. However, in view of appellant's insistence that this court has erred in its original opinion herein, the questions involved will again be considered.

We adhere to the view expressed in the former opinion that a grant under the act of Congress of March 3, 1891, is a grant *in praesenti,* and is subject to forfeiture for a failure to complete the work within the time and in the manner required by that act, but that such failure is a breach of condition subsequent and does not operate *ipso facto* to divest the title of the grantee; and further, that title obtained under said act can only be terminated by some appropriate legislative or judicial act on the part of such grantor, the government in this case, or its successor in interest. In view of the discussion of this question found in the former opinion, and the numerous citations of authority in support thereof in both the Carns and Hurst cases, *supra,* and since appellant does not challenge the correctness of this view, we do not deem it necessary to consider that question further.

Appellant insists that this court has erred in holding that her complaint is insufficient to sustain a decree terminating respondent's title, which it claims to have acquired under

said act of Congress. It will be observed that the principal question to be determined relative to the respective rights which both parties claim to have acquired by grants from the federal government, and a determination of such rights by this court must be in the light of the decisions of its courts on analogous questions.

The complaint is in form the ordinary action to quiet title under C. S., sec. 6961. Courts have generally held that in the usual and ordinary controversies arising out of questions of title between litigants, "every interest or estate in land of which the law takes cognizance" may be considered and determined in an action of this character. (*Fry v. Summers,* 4 Ida. 424, 39 Pac. 1118; *Johnson v. Hurst,* 10 Ida. 309, 77 Pac. 784; *Stewart Mining Co. v. Ontario Mining Co.,* 23 Ida. 724 at 745, 132 Pac. 787; *Pettingill v. Blackman,* 30 Ida. 241, 164 Pac. 358.) We have no intention to depart from the general doctrine announced in the foregoing cases.

The complaint alleges appellant's ownership by virtue of her patent from the government, and that respondent has constructed or partially constructed a dam or reservoir upon said land, and by that means impounded water conveyed from a government ditch into said reservoir, and caused appellant's land to be overflowed, that its claim of an easement thereon for reservoir purposes and the right to flood appellant's premises is without right and such action is wrongful, and that by reason of such wrongful action respondent has wholly excluded appellant from the use of her said land, and prays that said easement may be adjudged to be without right or merit and that respondent's claim to such easement be declared forfeited, and that it be restrained from further flooding her lands and for general equitable relief.

Respondent's amended and supplemental answer alleges that the government issued its patent to appellant for the premises in question, "Subject to any vested and accrued water rights for mining, agricultural, manufacturing or other

purposes, and rights to ditches and reservoirs used in connection with such water rights as may be recognized and acknowledged by the local customs, laws and decisions of courts.''

This provision is found in all patents issued by the government in recent years, to entrymen under the homestead, desert entry or other public land laws, whereby individuals acquire title from the government. Respondent also alleges that its title was acquired to said premises by the act of March 3, 1891, and other laws of the United States relating to reservoir rights of way, and that in compliance with such acts it completed its reservoir about October, 1912, and that its right to the premises was confirmed by the Interior Department, and that the rights granted to appellant under her said patent from the government were acquired under the homestead act subsequent to the grant to respondent under the said act of March 3, 1891. Respondent's claim of title is based on record facts, and these facts are not susceptible of being denied, and we do not understand that appellant denies that respondent did lawfully acquire its title under said act of Congress prior to her patent, but does claim that it should be decreed forfeited, for breach of condition subsequent. It thus appears from the pleadings and admission that both parties had at the inception of this action, and still have, perfectly good titles to their respective interests in said premises, each severally derived from the common grantor, the government, the title of each being limited by and subject to all the rights of the other claimant, a condition frequently arising with regard to lands granted by the government under different statutes and for different purposes, to different grantees. But appellant contends that notwithstanding this condition of the title, she is entitled under her complaint, wherein her allegations are limited as above stated, to a decree of forfeiture for condition broken against respondent, because of its failure to comply with the terms of the federal grant regarding conditions subsequent. That is, appellant claims that under the provisions of C. S.

sec. 6961, regarding actions to quiet title, she is entitled to
have any matter determined in anywise pertaining or adverse
to her title.   As already observed the federal decisions all
hold that the right acquired under the act of March 3, 1891,
is not an easement, but is a valid, subsisting title, a qualified
or base fee, granted by the government, which can only be
terminated by an act of Congress or appropriate judicial pro-
ceedings, so long as the servient fee remains in the govern-
ment.   In *United States v. Washington Improvement & De-
velopment Co.*, 189 Fed. 674, it is held that a court of equity
has no inherent power to decree a forfeiture of a similar
grant made by Congress, and that the United States cannot
maintain a suit to recover land so granted for breach of
condition subsequent, in the absence of a declaration of for-
feiture by Congress, or of express authority from Congress
for the institution of suit.   We think, however, that the rule
announced in *United States v. Whitney*, 176 Fed. 593, which
has since been approved and followed by other federal courts,
announces the correct rule, which is that a forfeiture of a
grant of this kind may be declared by act of Congress or
appropriate judicial proceedings, and that as stated in *Hurst
v. Idaho-Iowa Lateral & Reservoir Co.*, *supra*, upon the
authority of *Baldridge v. Leon Lake Ditch & Reservoir Co.*,
20 Colo. App. 518, 80 Pac. 477, we conclude that state
courts have jurisdiction to entertain actions of this character.

However, we think in a controversy of this kind between
two parties, each holding title to the same premises derived
from the government, that the holder of the servient fee
should not be permitted to have the base fee extinguished,
under the ordinary allegations of a complaint to quiet title,
but that a complainant should be required to advise a defend-
ant that his title is challenged for conditions broken, and
affirmatively allege the facts and circumstances upon which
complainant predicates such contention.   A complaint which
merely alleges that the plaintiff is the owner of the fee,
which as in this case is quite true, and may be admitted by
the defendant without in any way impairing its own title,

and where the defendant answers by setting up facts which conclusively show that it also has a qualified title to the same premises, and which averments are not susceptible of denial by plaintiff, because of being record facts, and are not in fact denied, does not tender an issue of forfeiture upon which the question of the extinguishment of the base or qualified fee can properly be determined.

Appellant places great stress upon her prayer for forfeiture, but it is a well-settled rule of pleading that issues tendered by a complaint cannot be extended beyond their natural import by reason of anything contained in the prayer. As a rule, any relief may be granted in an equitable action consistent with the averments of the complaint, under a prayer for general relief. This being so, appellant's prayer for a forfeiture adds nothing to the complaint.

In *United States v. Northern Pacific Ry. Co.*, 177 U. S. 435, 20 Sup. Ct. 706, 44 L. ed. 836, it is said: "Courts have no jurisdiction to consider or determine the question of the forfeiture of a railroad grant until it is raised by direct allegations in a suit instituted by lawful authority for the express purpose of raising it." (Citing 37 C. C. A. 290, 95 Fed. 879.)

This opinion further says: "It is claimed that under sec. 8 of the act of July 2, 1864, noncompletion of the railroad within the time limited of itself operates as a forfeiture; the grant immediately reverts to the government; and courts must so hold on the simple statement of the fact of noncompliance within the limit. We do not understand this to be a correct statement of the law."

The court below found that the water impounded by respondent in said reservoir had not been let out upon lands for the purpose of irrigation, or put to any beneficial use, since 1904, but that the reservoir had been filled each year at the beginning of the irrigation season under a contract with the United States Reclamation Service, whereby such service agreed to fill the reservoir every year and supply additional water to cover seepages and losses, and

that respondent's map of amended definite location, showing an area of 201.87 acres within the reservoir site, which appears to include all but about seven acres of the land patented to appellant, was approved by the Secretary of the Interior on March 3, 1914. The trial court after so finding concluded as a matter of law, upon the authority of *Oregon Short Line R. R. Co. v. Stalker,* 14 Ida. 371, 94 Pac. 59, that it was without jurisdiction to declare a forfeiture of respondent's right to this reservoir site, and dissolved the injunction and entered judgment for respondent dismissing the action, and finally excluded all testimony tending to show a forfeiture or abandonment. No error was assigned on the ruling excluding all the testimony offered in support of forfeiture or abandonment, appellant appearing to have relied upon the findings as being sufficient to support her claim of forfeiture. But even if these findings are sufficient to support a decree of forfeiture or abandonment it is doubtful whether there was left sufficient testimony to support such findings, in view of the court's ruling out the testimony offered in their support. We think the court below erred in holding that it was without jurisdiction to declare a forfeiture of respondent's right to this reservoir site, provided this issue under the pleadings had been properly before it. If a decree of forfeiture for condition broken can be had on behalf of appellant when that issue is sufficiently tendered by her pleadings, it will follow, as of course, that she will be entitled to have title to said premises quieted in her, and that in effect all questions will be concluded by a decree extinguishing respondent's title to the reservoir site as against appellant's servient fee. For the reasons here stated, the cause should be remanded to the lower court, with instructions to allow appellant, if she so desires, or her successor in interest, if she has alienated her title, to amend the complaint so that it will tender an issue with regard to the forfeiture or abandonment of this reservoir

site and it is so ordered.  Neither party to recover costs on this appeal.

Rice, C. J., and Dunn, J., concur.

Budge, J., expresses no opinion.

McCarthy, J., having presided at the trial below, took no part in the decision.