(April 28, 1926.)

JOHN W. HURST, as Successor in Interest to EDNA M. CARNS, Formerly EDNA M. KEITH, Respondent, v. IDAHO IOWA LATERAL & RESERVOIR COMPANY, Appellant, and JOHN W. HURST and FRANK BIGHAM, Respondents, v. IDAHO IOWA LATERAL & RESERVOIR COMPANY, Appellant.

[246 Pac. 23.]

WATERS AND WATERCOURSES — RESERVOIR RIGHT OF WAY — PUBLIC LANDS — FINDINGS OF LAND DEPARTMENT — ABANDONMENT — FORFEITURE—EVIDENCE.

1. Provision for forfeiture of grants of right of way for reservoir site under Act of March 3, 1891, sec. 18 (U. S. Comp. Stats., sec. 4934), is one for breach of condition subsequent, and does not operate *ipso facto* to divest grantee's title, but must be determined by an action to have forfeiture declared or by re-entry.

2. Under Act of March 3, 1891, sec. 19 (U. S. Comp. Stats., sec. 4935), title to land shown on map of applicant for reservoir purposes vests in him on approval thereof by Secretary of Interior.

3. Findings of Land Department on matters cognizable by it are conclusive, in absence of fraud.

4. Approval of Secretary of Interior of location for reservoir purposes, not attacked for fraud or imposition, is conclusive, and failure to use water for irrigation purposes prior to date of approval cannot be urged for purpose of declaring forfeiture of reservoir site under Act of March 3, 1891, sec. 18, as amended by Act of May 11, 1898, sec. 2, and Act of March 4, 1917, sec. 2 (U. S. Comp. Stats., sec. 4938).

5. Abandonment of location for reservoir purposes is question of intention.

6. Equity leans against declaring forfeiture, where no public interest is favored thereby.

7. Evidence *held* insufficient to sustain court's finding of abandonment of water right and reservoir right.

Publisher's Note.

1. See 22 R. C. L. 299.
3. See 22 R. C. L. 306.
6. See 10 R. C. L. 328.

See Equity, 21 C. J., sec. 81, p. 105, n. 47.
Public Lands, 32 Cyc., p. 1022, n. 38.
Waters, 40 Cyc., p. 734, n. 32; p. 828, n. 88.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action to have forfeiture of reservoir right declared. Judgment for respondent. *Reversed with instructions to enter judgment in favor of appellant.*

Richards & Haga, for Appellant.

Rights of way granted under the act of March 3, 1891, and March 3, 1875, are grants *in praesenti* subject to forfeiture for breach of the express condition as to construction and the implied condition as to use. (*Hurst v. Idaho-Iowa Lateral & Reservoir Co.*, 34 Ida. 342, 202 Pac. 1068; *Oregon Short Line R. R. Co. v. Stalker*, 14 Ida. 371, 94 Pac. 59; *Kern River Co. v. United States*, 257 U. S. 147, 42 Sup. Ct. 60, 66 L. ed. 175.)

The estate granted is a limited or conditional fee and breach of the condition does not *ipso facto* forfeit the grant, but such forfeiture must be declared in an appropriate judicial proceeding. (*United States v. Whitney*, 176 Fed. 593; *Union Land & Stock Co. v. United States*, 257 Fed. 635, 168 C. C. A. 585.)

In proceedings for the alienation of the public lands, the action of the Interior Department on matters properly cognizable by it is conclusive, and hence no decree of forfeiture in these cases can be based on appellant's alleged failure to comply with the Right of Way Act prior to March 3, 1914, when the Interior Department, after having dismissed respondent's protest, approved the amended map and proofs of construction. (*Clear Lake Power & Imp. Co. v. Chriswell*, 31 Ida. 339, 173 Pac. 326; *Lee v. Johnson*, 116 U. S. 48, 6 Sup. Ct. 249, 29 L. ed. 570; *St. Louis Smelt. Co. v. Kemp*, 104 U. S. 636, 26 L. ed. 875, 11 Morr. Min. Rep. 673.)

Forfeitures are not favored either at law or in equity, and where no public interest is favored thereby equity leans against declaring a forfeiture. (*Carns v. Idaho-Iowa Lateral & Reservoir Co.*, 34 Ida. 330, 202 Pac. 1071; *Union*

,Land & Stock Co. v. United States, 257 Fed. 635, 168
C. C. A. 585.)

The loss of a water right by abandonment, nonuser or
other causes does not result in a loss of a right of way
granted under the act of March 3, 1891, nor under secs.
2339 and 2340, U. S. Rev. Stats., when such right has once
vested. (Welch v. Garrett, 5 Ida. 639, 51 Pac. 405; Ada
County Irr. Co. v. Farmers' Canal Co., 5 Ida. 793, 51
Pac. 990, 40 L. R. A. 485.)

E. G. Davis, for Respondents.

These cases have heretofore been considered by this court
and the law applicable thereto determined. (Hurst v.
Idaho-Iowa Lateral & Reservoir Co., 34 Ida. 342, 202 Pac.
1068; Carns v. Idaho-Iowa Lateral & Reservoir Co., 34 Ida.
330, 202 Pac. 1071.)

The "abandonment" of water rights, referred to in C. S.,
sec. 5582, means an involuntary abandonment in which no
element of intent is necessary as distinguished from volun-
tary abandonment in which such intent is a necessary ele-
ment. (Kinney on Irrigation and Water Rights, 2d ed.,
sec. 1118; Id., vol. 2, p. 2024, and cases there cited; Smith
v. Hawkins, 110 Cal. 122, 42 Pac. 453; Id., 120 Cal. 86, 52
Pac. 139.)

An abandonment of water rights, within the meaning of
C. S., sec. 5582, involves as a necessary consequence the loss
of a right of way over public lands granted for the use of
such right. (2 Kinney on Irr. and Water Rights, p. 2024;
Smith v. Hawkins, 110 Cal. 122, 42 Pac. 453; Id., 120 Cal.
86, 52 Pac. 139; Crane Falls Power & Irr. Co., Ltd., v.
Snake River Irr. Co., 24 Ida. 63, 77, 133 Pac. 655, 660.)

GIVENS, J.—Appellant, Idaho Iowa Lateral and Reser-
voir Co., filed on certain land September, 1903, for reservoir
purposes, later completing its reservoir, and March 3, 1914,
the Secretary of the Interior of the United States approved
appellant's map of amended definite location and the field-
notes of its reservoir site. October 8, 1908, Zeff Keith,

predecessor in interest of John W. Hurst, respondent, made homestead application for part of the same land included in the reservoir site and patent was issued therefor to Edna M. Carns, widow of Zeff Keith, November 25, 1916, subject to appellant's right of way. Thereafter respondent acquired the interest of Edna M. Carns. Action was first instituted February 6, 1920, judgment being given for defendant, and a new trial granted, this court affirming the order granting a new trial. (*Hurst v. Idaho-Iowa Lateral etc. Co.,* 34 Ida. 342, 202 Pac. 1068.) This action is upon respondent's amended complaint seeking to quiet title to the lands included in the patent and subject to the reservoir site, on the ground that appellant has forfeited and abandoned its rights by nonuser. The lower court found that appellant had forfeited its rights by breach of the condition subsequent on which the reservoir grant was made by failing to use the water for irrigation purposes for a continuous period of five years, and that the estate originally granted to appellant had reverted to respondent as the owner of the servient fee, and entered a decree quieting title in respondent.

The action of Frank Bigham against the appellant, incorporated in this action, was dismissed for the reason that Bigham had disposed of all his right, title and interest in and to the lands described in the complaint and his grantees had nothing to do with this suit.

[1] In the previous case, *Hurst v. Idaho-Iowa Lateral etc. Co., supra,* this court held that the patentee or his successor in interest is invested with the right to institute proceedings to obtain a declaration of forfeiture for breach of condition subsequent and to have his title quieted in case of abandonment, and that a grant of right of way under the Act of March 3, 1891, chap. 561, sec. 18, 26 Stat. L. 1095, is *in praesenti* and is subject to forfeiture for failure to complete the works within five years after location. The statutory provision for forfeiture of grants under this act, either for failure to complete the works within five years after location, or for failure to make use of the right of way for the purposes for which the right was granted, is

one for breach of condition subsequent, and does not operate *ipso facto* to divest the grantee's title but must be determined by an action to have a forfeiture declared or by re-entry by one invested with the right of re-entry. (*Carns v. Idaho-Iowa Lateral etc. Co.,* 34 Ida. 330, 202 Pac. 1071.) The act of March 3, 1891, providing for the granting of rights of way to any canal or ditch company formed for the purpose of irrigation was amended May 12, 1898, chap. 292, sec. 2, 30 Stat. 404, and March 4, 1917, chap. 184, sec. 2, as follows:

"Rights of way for ditches, canals, or reservoirs heretofore or hereafter approved under the provisions of sections eighteen, nineteen, twenty, and twenty-one of the Act entitled 'An Act to repeal timber-culture laws, and for other purposes,' approved March third, eighteen hundred and ninety-one, may be used for purposes of a public nature; and said rights of way may be used for purposes of water transportation, for domestic purposes, or for the development of power, as subsidiary to the main purpose of irrigation or drainage."

*Kern River Co. v. United States,* 257 U. S. 147, 42 Sup. Ct. 60, 66 L. ed. 175, in construing this act as amended held that the use of the grant for the purposes set out in the amendment may be used only where the purpose is subsidiary to irrigation, irrigation still being the main purpose, and the other uses secondary to it, and though used for one of the subsidiary purposes the United States may assert and enforce a forfeiture in the event the grantee does not use or retain it for irrigation purposes. [2] Section 19 of the Act of March 3, 1891, provides that upon the approval of the map by the Secretary of the Interior, such approval shall be noted upon the plats in the local land office, "And thereafter all such lands over which such rights of way shall pass shall be disposed of subject to such right of way." Title to the land shown upon the applicant's map vests in him upon the approval thereof by the Secretary of the Interior. (*United States v. Whitney,* 176 Fed. 593.) In other words, the land is held as a limited or qualified fee, upon

the approval of the Secretary of the Interior, subject to the
uses for which granted.   [3]   It is the settled doctrine that
findings of the Land Department upon matters cognizable
by it must be taken as conclusive in the absence of any
fraud or imposition.   (*Lee v. Johnson,* 116 U. S. 48, 6 Sup.
Ct. 249, 29 L. ed. 570; *Daniels v. Wagner,* 237 U. S. 547,
Ann. Cas. 1917A, 40, 35 Sup. Ct. 740, 59 L. ed. 1102; *United
States v. Cain-Boness Lumber & Timber Co.,* 215 Fed.
212, L. R. A. 1916A, 1116; *Clear Lake Power Co. v. Chris-
well,* 31 Ida. 339, 173 Pac. 326.)   [4]   It follows that the
approval of the Secretary of the Interior of appellant's
amended definite location, not having been attacked for
fraud or imposition, is conclusive, and title to the reservoir
right of way, subject to the condition subsequent, having
vested in appellant on the date of approval, March 3, 1914,
a failure to use the water for irrigation purposes prior to
this date cannot be urged by respondent for the purpose of
declaring a forfeiture of the reservoir site.   The United
States was apparently satisfied with appellant's proof.   The
evidence shows that after the reservoir was completed and
approved by the Land Department it was filled in 1915.
W. E. Healey, Walter Master of the United States Reclama-
tion Service, called and examined on behalf of the respond-
ent, testified that the reservoir was filled every year by the
Reclamation Service up until the time of the court injunc-
tions, the first injunction issued being in 1917, or before.
In any event the reservoir was filled during 1915 and an in-
junction was issued as early as 1917.   There is evidence
showing that water was taken into and through the reser-
voir to some of the users for purposes of irrigation.   A de-
livery of water was made through the reservoir to the Riden-
baugh Canal under the contract with the Reclamation
Service for irrigation in 1915 and later years.   The evidence
shows that the reservoir was approved by the Land Depart-
ment in 1914 and that this suit was first instituted Feb. 6,
1920, approximately six years after the approval of the
location.   In the interim, in which a forfeiture must be

declared by reason of a failure to use the water for irrigation purposes, the record shows that water was used in 1915, 1918 and 1919 for such purpose, that during this time there were court injunctions issued precluding the use of the reservoir, and furthermore that water was used for domestic purposes during 1915 and the years thereafter, and that the reason that no water was used for irrigation in 1915 was because someone, not by authority of the appellant, had opened the gates of the reservoir and allowed all the water to escape before the irrigating season; this was testified to by several witnesses, and it was further shown that some trouble arose with parties below the dam who were damaged by the extra flow of water.

[5]    Abandonment is a question of intention (*Welch v. Garrett,* 5 Ida. 639, 51 Pac. 405; *Ada County Irr. Co. v. Farmers' Canal Co.,* 5 Ida. 793, 51 Pac. 990, 40 L. R. A. 485), and the record does not show any intention to abandon the water right or the reservoir or that there was a failure to use water for irrigation for any consecutive period of five years after 1914. Under respondent's own argument that the loss of appellant's water right acted to cause the reservoir right to be lost, the converse must be true; since there was no abandonment or intention to abandon the water right and the reservoir was used, the reservoir right has not been abandoned.  [6]    The courts abhor a forfeiture, and where no public interest is favored thereby equity leans against declaring a forfeiture. (*Carns v. Idaho-Iowa Lateral & Res. Co., supra; Union Land & Stock Co. v. United States,* 257 Fed. 635, 168 C. C. A. 585.)    The evidence shows that appellant has spent some $20,000 in the construction of its reservoir, and there is no pleading or proof of any public interest which would be favored, but it is a suit strictly for the benefit of a private individual to acquire title to land, and there is nothing to show that the water right is not being used as advantageously by appellant as it would be by respondent. [7]    The evidence is insufficient to sustain the lower court in finding that there was an abandonment of the water right

and that the reservoir right had been abandoned.   The judgment of the lower court is therefore reversed, with instructions to enter judgment in favor of appellant.   Costs awarded to appellant.

William A. Lee, C. J., and Wm. E. Lee, Budge and Taylor, JJ., concur.