(No. 4708.   October 15, 1927.)

PAUL UHRIG, Appellant, v. CRANE CREEK IRRIGA-
TION DISTRICT, a Municipal Corporation; SOUTH-
ERN IDAHO LAND & POWER COMPANY, a
Domestic Corporation; SUNNYSIDE-CRANE CREEK
LANDOWNERS ASSOCIATION, a Corporation;
WEISER BENCH IRRIGATION COMPANY, a Cor-
poration; SUNNYSIDE IRRIGATION DISTRICT, a
Municipal Corporation, Respondents.

[260 Pac. 428.]

WATER RIGHTS—FAILURE TO COMPLETE RESERVOIR WORK, EFFECT—
DECLARATION OF FORFEITURE—APPROVAL OF RESERVOIR, EFFECT—
HOMESTEAD ENTRY—NO RIGHT TO ADVERSE POSSESSION.

1. Default under Act March 3, 1891, secs. 18–21 (43
U. S. C. A., secs. 946–949; U. S. Comp. Stats., secs. 4934–4937),
for failure to complete reservoir work within five years after
location of reservoir in accordance with filings for right of
way for reservoir purposes, must be followed by declaration of
forfeiture in order to be effectual, which can only be made by an
act of Congress or appropriate judicial proceeding.

2. Approval of reservoir constructed pursuant to filing made
under provisions of Act March 3, 1891, secs. 18–21 (43 U. S. C. A.,
secs. 946–949; U. S. Comp. Stats., secs. 4934–4937), though not
completed within the five-year period, where no forfeiture was
sought and which was not attacked for fraud or imposition, is
conclusive as against one making homestead entry subject to
reservoir rights of way, in accordance with application and maps
on file in land office at time of homestead filing.

3. Where homestead entry was made subject to reservoir rights
of way pursuant to filing, under the provisions of Act March 3,
1891, secs. 18–21 (43 U. S. C. A., secs. 946–949; U. S. Comp.
Stats., secs. 4934–4937), homesteader at time of receiving patent
received no paramount right as against reservoir right of way
under which he could claim title by adverse possession.

Publisher's Note.
See Waters, 40 Cyc., p. 718, n. 8, p. 719, n. 11, p. 728, n. 70 New.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. B. S. Varian, Judge.

Action to quiet title. Judgment for defendants. Affirmed.

George Donart, for Appellants, cites no authorities on points decided.

Ed. R. Coulter, for Respondents.

Where one holds title to lands under a patent and homestead filing, which expressly stipulates that the filing and patent are issued subject to the prior and existing right of the respondents and their predecessors in interest to use the land for reservoir purposes, the ordinary and customary acts of ownership and control of the land by the appellant, without any notification to the respondents that appellant was holding the land adversely to the respondents, is not sufficient to constitute title by adverse user as against the respondents. (*Carns v. Idaho-Iowa Lateral etc. Co.*, 34 Ida. 330, 202 Pac. 1071; *Hurst v. Idaho-Iowa Lateral etc. Co.*, 42 Ida. 436, 246 Pac. 23; 2 C. J. 147, and cases there cited, 226; *Oregon Short Line R. Co. v. Quigley*, 10 Ida. 770, 80 Pac. 401.)

Title obtained by filing upon lands for reservoir purposes under act of Congress, March 3, 1891, cannot be lost by adverse use of another. (U. S. Comp. Stats. 4921, 4924, 4935, 4936; *Denver & R. G. R. Co. v. Mills*, 222 Fed. 481, 138 C. C. A. 77; *Holland Co. v. Northern Pac. Ry. Co.*, 214 Fed. 920, 131 C. C. A. 216, 208 Fed. 598; *Northern Pac. Ry. v. Townsend*, 190 U. S. 267, 23 Sup. Ct. 671, 47 L. ed. 1044, and cases therein cited; *United States v. Whitney*, 176 Fed. 593; *Kindred v. Union Pac. Ry. Co.*, 225 U. S. 582, 32 Sup. Ct. 780, 56 L. ed. 1216; *Northern Pac. Ry. Co. v. Ely*, 197 U. S. 1, 25 Sup. Ct. 302, 49 L. ed. 639; *Union Pac. Ry. Co. v. Karges*, 169 Fed. 459; *O. S. L. Ry. Co. v. Quigley, supra; Minidoka & Southwestern Ry. Co. v. Weymouth*, 19 Ida.

234, 113 Pac. 455; *Carns v. Idaho-Iowa Lat. etc. Co., supra;
Hurst v. Idaho-Iowa Lat. etc. Co., supra;* 2 C. J. 217.)

FEATHERSTONE, Commissioner.—The plaintiff, Paul Uhrig, brought suit in .the nature of an action to quiet title, and defendants filed ·an answer and cross-complaint asking that title to the disputed premises be quieted in them. The court found for the defendants and plaintiff appeals.

The record shows that in 1908 Edwin D. Ford and the Crane Creek Irrigation Land & Power Company applied to the United States for a right of way for reservoir purposes over certain lands in township 12 north, range 2 west, Boise Meridian, in Washington county, Idaho. The filings were approved and thereupon the maps were filed in the United States land office at Boise, and the proper annotations made upon the township maps in said land office.

The reservoir was partially completed in 1911 and several of the defendants have used the site for reservoir purposes continuously since that date, but only a very small portion, if any, of plaintiff's land was flooded. In 1921 the defendants completed the reservoir to the height that would flood all the lands described in plaintiff's complaint, which are included within the boundaries of the reservoir site shown by the map thereof filed in the land office.

. Defendants made final proof under date of March 8, 1923, which proof was accepted as sufficient by the commissioner of the general land office, and the rights of the defendants secured under their filings have never been canceled, declared forfeited, or annulled, and the present defendants hold through mesne conveyances from Edwin D. Ford and the Crane Creek Irrigation Land & Power Company.

On July 15, 1915, plaintiff made application under the homestead laws of the United States to enter the S. ½ of the SW. ¼ of sec. 12, T. 12 N., R. 2 W., B. M., a portion of which lands are within the area of the reservoir site of the defendants as shown by the maps filed by said Ford et al., and which reservoir site was approved March 8, 1923. The homestead, as shown by annotations thereon, was subject to

the right of way for the reservoir application of Ford et al., which was designated as No. 011695. The homestead entry was allowed July 19, 1915, subject to right of way 011695. Thereafter, plaintiff settled on the land and lived on and cultivated and improved the same and made final proof, and under date of June 24, 1921, patent therefor was issued to plaintiff, "subject to any vested and accrued water rights, for mining, agricultural, manufacturing, or other purposes, and rights to ditches and reservoirs used in connection with such water rights, as may be recognized and acknowledged by the local customs, laws and decisions of the Courts."

Plaintiff went into possession of the lands embraced in the homestead entry July 19, 1915, cultivated the same and fenced the entire tract and paid all taxes, state, county and municipal, levied and assessed against the land. The portions not cultivated were used for pasturage. There is some testimony that a very small portion of the land included in the homestead was flooded in 1916 and 1917.

The court found that the rights vested in the plaintiff under the homestead patent were subject to the prior rights of the defendants for the use of the land for reservoir purposes, and that the plaintiff never notified the defendants he was claiming, or ever did claim, adversely to the rights of defendants. Plaintiff now claims title by adverse possession to that portion of the reservoir site which conflicts with his homestead entry.

Appellant makes eleven assignments of error, but we do not deem it necessary to treat them separately.

Appellant claims title by adverse possession and asserts that he has claimed title against the reservoir rights and all the world from the date of his entry on the land embraced in his homestead entry application, which is July 19, 1915.

It is the contention of appellant that the rule laid down in 2 C. J. 129, that "declarations or assertions by the occupant are not essential to claim of title which may be made by acts alone quite as effectively as by declarations. Customary acts of ownership and control of the land inconsis-

tent with the title and possession of the true owner will suffice,'' is the correct rule of law.

It is not disputed that at the time plaintiff made his homestead entry in 1915, he knew that the reservoir was partially completed and was being used, and his entry was made subject to whatever reservoir rights of way the defendants had, and their application and maps were on file in the land office in Boise, where he made his homestead filing. He also knew that the only right claimed by the defendants in the land in controversy was a right to flood the same, and he did nothing that would prevent the land from being flooded; in fact, he did nothing that was inconsistent with defendants' rights, and it would appear to us, if he intended to claim rights in addition to those called for by his entry, it was his duty to notify the defendants.

Defendants' reservoir filing was made under the provisions of the Act of March 3, 1891, secs. 4934, 4935, 4936 and 4937 of U. S. Compiled Statutes 1918. Appellant cites many cases of adverse possession but none where adverse possession has been asserted and upheld to lands over which an easement had been granted by the act of Congress of March 3, 1891, above mentioned.

[1] Appellant contends that the right conferred by the foregoing statute is one *in praesenti*, subject to forfeiture for failure to complete the work within five years after location of the reservoir, but to be effectual the default must be followed by a declaration of forfeiture which can only be made by an act of Congress or in an appropriate judicial proceeding. (*Carns v. Idaho-Iowa Lateral & Reservior Co.*, 34 Ida. 330, 202 Pac. 1071; *United States v. Whitney*, 176 Fed. 593.)

[2, 3] The grant vested in defendants' predecessors the right of way for the reservoir, subject to the right of forfeiture for failure to complete the work within five years, and, although the work was not completed until long after the five years had passed (in fact, the five years had passed before plaintiff made his homestead filing), yet, no action having ever been taken to declare the forfeiture, their rights

were never lost. The reservoir was approved March 8, 1923, and such approval, not attacked for fraud or imposition, is conclusive as against appellant. (*Hurst v. Idaho-Iowa Lateral & Reservoir Co.*, 42 Ida. 436, 246 Pac. 23.) When the plaintiff received his patent he received no paramount right as against the defendants' claim; the land in question was conveyed to him subject to vested and accrued water rights and rights of way for ditches and reservoirs.

The act granting the right of way for ditches and reservoirs contains many provisions that are analogous to those found in the act of March 3, 1875, which is the act granting rights of way to railroads, and in construing the act of 1875 it has been uniformly held that the grant of the right of way for a railroad through public lands is made upon the implied condition that the right of way be used for railroad purposes only, and the rights of the company are limited to such uses, and the purpose cannot be defeated by voluntary alienation of title or by abandoning the possession to an adverse claimant. (*N. P. R. Co. v. Townsend*, 190 U. S. 271, 47 L. ed. 1044; *Holland Co. v. Northern Pac. R. Co.*, 214 Fed. 920, 131 C. C. A. 216.)

We have carefully examined the cases cited in appellant's brief, but do not find them in point in this case for the reason that the cases cited where adverse possession has been upheld are in line with the case of *Northern Pac. Ry. Co. v. Pyle*, 19 Ida. 3, 112 Pac. 678, in which case Pyle had settled on certain lands which were a portion of the land grant (not the right of way) of the railroad company. Under the land grant, the railroad company received a grant of every alternate section for a certain distance on each side of its line of railroad, and the court very properly held that the title to the land in question vested in the railroad company at the time the grant was made, regardless of when the patent finally issued, and that the company's right to the land, not being in any way limited as to use or alienation, the statute of limitations would begin to run from the time Pyle settled upon the land.

As we view it, the distinction is made between lands where the fee absolute is held by the claimant and where, as in the case of grants of rights of way for a certain definite purpose, as a railroad right of way, or, as in the present case, a right of way for a reservoir.

Plaintiff, in this case, does not bring himself within the rule in the Pyle case, where one had settled upon the land under the mistaken belief that it was a part of the public domain with intent to acquire it from the government. Plaintiff knew when he entered the land in question that it was impressed with the easement now claimed by the defendants, and his entry was allowed subject to such easement.

We find no error in the record and therefore recommend that the judgment of the trial court be affirmed, with costs to respondents.

Babcock and Adair, CC., concur.

. The foregoing is approved as the opinion of the court and the judgment is affirmed. Costs to respondents.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.