## SPOKANE AND BRITISH COLUMBIA RAILWAY COMPANY *v.* WASHINGTON AND GREAT NORTHERN RAILWAY COMPANY.

### ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 49. Submitted November 29, 1910.—Decided January 3, 1911.

No one can take advantage of the forfeiture provided for non-performance of a condition subsequent in a land grant *in præsenti*, except the Government, *Schulenberg* v. *Harriman*, 21 Wall. 44; nor can there be any forfeiture on the part of the United States without appropriate judicial proceeding equivalent to office found or legislative assertion of ownership.

Although the grant of right of way involved in this action made by the act of June 4, 1898, c. 377, 30 Stat. 430, provided for grading and completion of a specified number of miles of track, failure to do so did not operate as a forfeiture without action by the Government or render the grant null or void leaving the land open for settlement or location by another railroad.

Whether a granted ri_' ' ·' ·ay to a railroad under act of Congress has been abandoned by the grantee or whether the grantee is estopped to make claim thereunder, are not Federal questions and the decision of the state court is not reviewable here.

49 Washington, 280, affirmed.

THE facts, which involve the right of a grantee of lands under the act of June 4, 1898, 30 Stat. 430, are stated in the opinion.

*Mr. W. T. Beck,* with whom *Mr. W. C. Keegin* was on the brief, for plaintiff in error: ·

Defendants in error never acquired any vested interest in the right of way. The location of such right of way made and approved under the act of June 4, 1898, was rendered void for failure to commence grading or other

work on such location within six months after the filing of the maps showing such location, as required by § 3 of the act.  Congress intended that before the grant should attach, maps showing location must be filed, but such location was to be of no effect without commencement of work.  The doing of such things by the grantee was essential to divest the Government of title, and failure made the grant void *ipso facto.*  Any other construction is to read a meaning into the statute contrary to its plain language.

The term forfeited implies the extinguishment of a vested grant or interest, or a right thereto.

The fact that words of grant are found in the act of June 4, 1898, does not make the case other than one of statutory construction.  Although a statute may contain the elements of a compact between the Government and an individual, nevertheless it should be construed according to the rules for construction of statutes and not according to those for construction of contracts.  Black, Interpretation of Laws, p. 315; *Schulenberg* v. *Harriman,* 21 Wall. 44; 5 Thompson on Corp., § 6588.

A strict construction in favor of the Government is demanded by public policy.  Sutherland, Stat. Const., § 378; Black, Interpretation, p. 315; *Rice* v. *Minn. & N. W. R. R. Co.,* 1 Black, 358; *Railroad Co.* v. *Litchfield,* 23 How. 66.  Acts containing such or other language importing a grant *in præsenti,* have been construed not to be grants *in præsenti,* and *vice versa* acts without any terms of conveyance at all have been construed to be grants *in præsenti.*  See *New York Indians* v. *United States,* 170 U. S. 1; *Heydenfelt* v. *Daney G. Mining Co.,* 93 U. S. 634; *United States* v. *Choctaw, A. & G. R. R. Co.,* 3 Oklahoma, 404, 490; *New York R. R. Co.* v. *Boston, Hartford & Erie Ry. Co.,* 36 Connecticut, 196; 5 Thompson, § 6586.  The decision of the court below is not supported by *Railroad Co.* v. *Alling,* 99 U. S. 463; *United States* v. *D. & R. G.*

*R. R. Co.*, 150 U. S. 1; *Noble* v. *Union River Logging R. R. Co.*, 147 U. S. 165, 176.

Without conceding the right of way in question was ever acquired, if acquired, it was abandoned long prior to the deed from the grantee to defendant in error. The facts show non-user and an abandonment. Defendants in error are estopped from claiming this right of way. *Roanoke Inv. Co.* v. *Kansas City R. R. Co.*, 17 S. W. Rep. 1000; *Jones* v. *Van Bochove*, 61 N. W. Rep. 342; *Blakely* v. *Chicago, K. & N. R. R. Co.*, 64 N. W. Rep. 972. An abandonment is more readily presumed where the easement is granted for a public benefit, than where held for private use, and when such right has been abandoned the State may grant it to another. *Henderson* v. *Cent. Pass. Ry. Co.*, 21 Fed. Rep. 358.

Whether the grant be one in fee or an easement merely, it is subject to the condition that it be appropriated and used for the purpose designed. *Denver & R. G. R. R. Co.* v. *Alling*, 99 U. S. 463; *Railroad Co.* v. *Baldwin*, 103 U. S. 426. The defendant in error is bound by the abandonment of its predecessor. *Westcott* v. *New York & N. E. R. R. Co.*, 25 N. E. Rep. 840.

Justice favors the position of plaintiff in error. *White's Bank* v. *Nichols*, 64 N. Y. 74.

*Mr. Thomas R. Benton*, with whom *Mr. Wm. R. Begg* was on the brief, for defendant in error:

When the line of the proposed railway was definitely located, and a map thereof filed with and approved by the Secretary of the Interior, the title to the lands granted vested in the grantee as of the date of the granting act. *Schulenberg* v. *Harriman*, 21 Wall. 44; *Railroad Co.* v. *Baldwin*, 103 U. S. 426; *Noble* v. *Logging R. R. Co.*, 147 U. S. 165, 176; *New York Indians* v. *United States*, 170 U. S. 1, 17. See also *Leavenworth &c. R. R. Co.* v. *United States*, 92 U. S. 733; *Railroad Co.* v. *Alling*, 99 U. S. 463, 474;

*St. Paul & Pacific R. R. Co.* v. *Northern Pacific R. R. Co.,* 139 U. S. 1; *Railroad Co.* v. *Jones,* 177 U. S. 125.

The conditions that when a map showing any portion of said company's located line is filed, the company shall commence grading said located line and complete portions within specified periods are conditions subsequent, of which no one can take advantage but the United States, and until the United States has asserted its right to enforce a forfeiture for the breach of these conditions, either by legislation declaring a forfeiture, or by judicial proceedings authorized by law, the title remains unimpaired in the grantee. *Schulenberg* v. *Harriman,* 21 Wall. 44; *Grinnell* v. *Railroad Co.,* 103 U. S. 739; *Van Wyck* v. *Knevals,* 106 U. S. 360; *St. Louis &c. Ry. Co.* v. *McGee,* 115 U. S. 469; *Bybee* v. *Oregon R. R. Co.,* 139 U. S. 663; *Utah N. & C. R. R. Co.* v. *Utah & C. Ry. Co.,* 110 Fed. Rep. 879.

MR. JUSTICE DAY delivered the opinion of the court.

In this case the Spokane and British Columbia Railway Company, plaintiff in error, began an action in the Superior Court of the State of Washington for Ferry County to enjoin the Washington and Great Northern Railway Company, the Washington Improvement and Development Company and others from interfering with the use of a certain right of way for railway purposes through the Colville Indian Reservation in the State of Washington, which, it was alleged, belonged to the plaintiff. The plaintiff had judgment in its favor in the Superior Court. Upon proceedings in error the judgment was reversed and a judgment entered in favor of the present defendants in error, defendants below. 49 Washington, 280. To that judgment a writ of error was sued out from this court.

The case presents a conflict between the right of way of the Spokane and British Columbia Railway Company

and a right of way theretofore granted by the United States to the Washington Improvement and Development Company, grantor of the Washington and Great Northern Railway Company. The case is stated in the Supreme Court of Washington as follows:

"By an act of Congress approved June 4, 1898, there was granted to the appellant Washington Improvement and Development Company, and to its assigns, a right of way for its railway, telegraph and telephone lines through the Colville Indian Reservation, beginning on the Columbia River near the mouth of the Sans Poil River, running thence northerly through said reservation toward the international line. There was also granted grounds adjacent for the purposes of stations, other buildings and side tracks, and switch tracks. The act provided for the filing of maps showing the route when determined upon, said maps of definite location to be approved by the Secretary of the Interior. These maps were subsequently filed, and were approved by the Honorable Secretary prior to November 27, 1899. Before the commencement of this action the Washington Improvement and Development Company transferred all of its rights, privileges and immunities acquired under this act of Congress to the appellant Washington and Great Northern Railway Company. Since the filing and approval of the maps of definite location as aforesaid this respondent [plaintiff in error here], acting under authority of the act of Congress of March 3, 1875, and the act of Congress of March 2, 1899, located a route for its railway over practically the same line indicated by the maps filed by the Washington Improvement and Development Company, as aforesaid, and filed its maps with the Secretary of the Interior, who approved the same on October 17, 1905. The act of June 4, 1898, under which appellants [defendants in error here] claim, contained the following provision:

" 'Provided, That when a map showing any portion of said railway company's located line is filed herein, as provided for, said company shall commence grading said located line within six months thereafter or such location shall be void, and said location shall be approved by the Secretary of the Interior in sections of twenty-five miles before the construction of any such section shall be begun.'

"Section 5 of the statute reads as follows:

".That the right herein granted shall be forfeited by said company unless at least twenty-five miles of said railroad shall be constructed through the said reservation within two years after the passage of this act.'

"Neither the Washington Improvement and Development Company nor its successor, the Washington and Great Northern Railway Company, commenced grading within six months after the approval of its maps of definite location, nor did it construct twenty-five miles of railroad, nor any, within two years after the passage of the act. For these reasons the respondent claims that appellant's location of the strip indicated by its map became void and forfeited, and that respondent had a right to go upon the same strip of land and survey and locate its line of railway; that having surveyed and marked out its proposed line of railway upon substantially the same strip of ground after the expiration of two years, and its said maps of location having been approved by the Secretary of the Interior, respondent claims that its location thereupon is legal, and that appellants have no rights whatever in the premises, and should be enjoined from in any manner interfering (which appellants were doing) with the respondent's use and occupancy thereof."

From this statement it is apparent that the case turns upon the rights of the defendants in error, the Washington and Great Northern Railway Company, in the right of way, as the successor of the Washington Improvement and Development Company, in view of the facts just stated.

The grant to the Washington Improvement and Development Company, to it and its assigns, by the act of Congress of June 4, 1898 (c. 377, 30 Stat. 430), was of the right of way for its railway, telegraph and telephone lines in and through the Colville Indian Reservation in the State of Washington, and its language is:

"That there is hereby granted to the Washington Improvement and Development Company, a corporation organized and existing under the laws of the State of Washington, and to its assigns, a right of way for its railway, telegraph and telephone lines through the Colville Indian Reservation in the State of Washington."

A description of the right of way is inserted, and in § 3 of the act it is provided that maps of the route of its located lines through the reservation shall be filed in the office of the Secretary of the Interior, and after the filing of the maps no claim for a subsequent settlement and improvement upon the right of way shown by said maps shall be valid as against said company; the act then cites the proviso already quoted from the opinion of the Supreme Court of Washington, requiring the company to commence grading the located lines within six months "or such location shall be void."

Section 4 authorized the company to enter upon the reservation for the purpose of surveying and locating the line.

Section 5 provided that the right therein granted should be forfeited by said company unless at least twenty-five miles of said railroad shall be constructed through the said reservation within two years after the passage of the act.

As found by the Supreme Court of Washington, the grading was not begun within the six months provided, nor was twenty-five miles of said railroad constructed through the reservation within two years after the passage of the act, as provided in § 5.

Subsequently the maps of location of the plaintiff in error were approved by the Secretary of the Interior, and the contention is on its behalf that the rights of the defendant in error, as successor of the original grantee, had terminated because of the failure to keep the conditions of the granting act. On the part of the defendant in error it is contended that inasmuch as the grant was *in præsenti*, and there has been no subsequent act of Congress or direct proceeding in behalf of the United States to forfeit the title of the grantee, its rights are unimpaired and superior in the conflicting right of way to those of the plaintiff in error.

The Supreme Court of Washington, reviewing the decisions in this court, was of opinion that the rights granted in the act of June 4, 1898, had not been forfeited and inured to the benefit of the Washington and Great Northern Railway Company as successor of the Washington Improvement and Development Company.

This court has had frequent occasion to consider acts of this character, and a brief review of its decisions will, we think, establish the rule to be applied. The leading case is *Schulenberg* v. *Harriman*, 21 Wall. 44. In that case there was an act of Congress making a grant of lands conditioned that all lands remaining unsold after ten years should revert to the United States. It was there held that notwithstanding this condition, no one could take advantage of its non-performance except the grantor or his heirs, or the successors of the grantor, if the grant proceeded from an artificial person, and that unless such persons asserted the right to forfeiture, the title remained unimpaired in the grantee; and it was further held that if the grant be a public one, the right to forfeiture must be asserted by judicial proceedings authorized by law, the equivalent of an inquest of office at common law, or there must be some legislative assertion of ownership for the breach of the condition. This doctrine was approved

in *Grinnell* v. *Railroad Co.*, 103 U. S. 739; *Van Wyck* v. *Knevals,* 106 U. S. 360, and *St. Louis &c. Ry. Co.* v. *McGee,* 115 U. S. 469.

In *New York Indians* v. *United States,* 170 U. S. 1, this court, after referring to *Schulenberg* v. *Harriman,* 21 Wall. 44, said:

"It has always been held that these were grants *in præsenti,* although the lands could not be identified until the map of definite location of the road was filed, when the title which was previously imperfect acquired precision and became attached to the land. The doctrine of this case has been affirmed so many times that the question is no longer open to argument here."

In *Bybee* v. *Oregon &c. Railroad Co.*, 139 U. S. 663, the grant provided that not only the lands should revert to the United States for failure to perform the conditions, but the grant itself should be null and void for noncompliance with the conditions. It was nevertheless held that the conditions were subsequent, and the title could not be forfeited except upon proper proceedings by the Government, judicial in their character, or an act of Congress competent for that purpose.

Applying the principles of those cases to the grant in question, we find that in its terms the granting clause is clear and distinct and conveys an estate *in præsenti.* There is nothing in the conditions inconsistent with the vesting of the title, or requiring things to be done before the title can be vested. The company is required to commence grading its located line within six months and the grant is to be forfeited, unless at least twenty-five miles shall be constructed within two years after the passage of the act. These things may be done after the vesting of the title, and do not necessarily precede the vesting of the estate.

Reading this grant in the light of the former adjudications of this court, we think it must be held that it was

the intention of Congress that the grantee should perform these conditions after acquiring title and taking possession, and therefore that the conditions were subsequent. This being true, there could be no forfeiture on the part of the United States without some appropriate judicial or legislative action, which it is not claimed was taken in this case. We think the Supreme Court of the State of Washington was right in its construction of the grant under the circumstances shown.

The contention that the grant was abandoned by the grantee, or that the circumstances show estoppel to make claim under it, do not present questions reviewable here. The state court having, in our view, properly decided the Federal question made, upon which this court alone could take jurisdiction, its judgment must be

*Affirmed.*