## PORTO RICO RY., LIGHT & POWER CO. v. UNITED STATES.

(Circuit Court of Appeals, First Circuit.   March 26, 1917.)

No. 1292.

1. LANDLORD AND TENANT ⬤⟳103(1)—CONDITIONS—BREACH OF.

   The breach of a condition or covenant, with a right of re-entry, does not ipso facto work a forfeiture of the lease, but merely subjects the grantee or lessee to a liability to have a forfeiture declared at the lessor's option.

2. PUBLIC LANDS ⬤⟳209—LEASE OF PORTO RICO LANDS—FORFEITURE—DECLARATION.

   Though the United States, on cession of Porto Rico, acquired the reversion of lands held under a royal lease by Spain, and was authorized under Rev. St. and Codes Porto Rico, § 4578, to declare forfeiture of the lease, which made no provision for re-entry on account of the lessee's failure to pay rent, such forfeiture to be effective, must be declared by Congress by some legislative action.

3. STIPULATIONS ⬤⟳14(1)—CONSTRUCTION.

   Where a royal lease of Porto Rico lands, the reversion of which the United States acquired on cession by Spain, contemplated a reasonable increase in the rental, and the increase made by the United States was unreasonable, a stipulation that defendants refused to pay the rent demanded or recognize the right of the United States to demand such increase, should not be construed as a denial of the right to increase the rent and a refusal on the part of defendants to pay any increased rental whatsoever.

In Error to the District Court of the United States for the District of Porto Rico; Hamilton, Judge.

Ejectment by the United States against the Porto Rico Railway, Light & Power Company. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

Carroll G. Walter, of New York City (J. Henri Brown, of San Juan, Porto Rico, and Edward J. Patterson, of New York City, on the brief), for plaintiff in error.

Thomas J. Boynton, U. S. Atty., and James A. Hatton, Asst. U. S. Atty., both of Boston, Mass. (George W. Anderson, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before DODGE, BINGHAM, and JOHNSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action of ejectment brought July 1, 1914, in the name of the United States, by the District Attorney for the District of Porto Rico, acting under the direction of the Solicitor of the Treasury, against the Porto Rico Railway, Light & Power Company, a Porto Rico corporation, to recover possession of a tract of land of 1248.24 square meters known as "La Carbonera," situated in the municipality of San Juan, Porto Rico, and leased by the Spanish government to Pablo Ubarri, pursuant to a royal order of January 21, 1881, who duly assigned and transferred his rights therein to the defendant.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

A trial by jury having been waived, the case was heard before the District Judge, who made certain findings of fact and rulings of law, and entered a judgment in favor of the plaintiff. From this judgment the defendant sued out a writ of error, and in its assignment of errors complains, among other things, that the court erred in holding (1) that an action of ejectment could be maintained; (2) that the plaintiff was not estopped to increase the rental after the lapse of fifteen years from the happening of the contingency provided for in the lease on which an increase of rental might be had; (3) that it was the defendant's duty to determine the correct amount of the increased rent and tender the same under penalty of a forfeiture of the lease; (4) that the action could be maintained without a prior forfeiture of the grant or lease by legislative or judicial proceedings; (5) in the admission of certain testimony; and (6) in rendering judgment for the plaintiff upon the agreed facts and the facts found.

From the facts agreed and found, it appears that the United States is the owner in fee simple of the land in question, having acquired title by cession from Spain under the Treaty of Paris; that the military easements affecting the enjoyment and occupation of the land ceased in 1897; that the government officials of the United States in 1912 decided to increase the annual rental to $4,980, and, prior to June 30, 1912, duly notified the defendant that the rent would be increased to such sum from and after July 1, 1912; that the defendant refused to pay the rent as increased, or to recognize the right of the United States to demand such increase; that the yearly rental previously established by the Spanish government was 156.78 pesos, which sum Ubarri and the defendant paid yearly to the proper governmental authorities down to June 30, 1912, and thereafter annually tendered that sum.

[1, 2] In the view we take of the case, if it be assumed that ejectment is the proper remedy, that the plaintiff had the right to increase the rent, that the sum to which it was increased was reasonable, and that, under the civil law, a right to forfeit a lease for breach of a covenant to pay rent may exist, although no proviso or condition giving a right of re-entry is reserved in the lease or otherwise provided for, this suit cannot be maintained unless Congress, in whom alone the power resides, has exercised the right of election vested in the government to declare a forfeiture.

The lease did not contain a proviso permitting re-entry upon the failure of the lessee to pay the rent which it impliedly covenanted to pay (Beal v. Bass, 86 Me. 325, 29 Atl. 1088; Hodgkins v. Price, 137 Mass. 13, 17; People v. Gilbert, 64 Ill. App. 203; Spear v. Fuller, 8 N. H. 174, 28 Am. Dec. 391; 1 Washburn on Real Property, §§ 655, 656, 657; 24 Cyc. pp. 1348, 1349), or provide that payment of the rent should be a condition to the continuance of the lessee's rights under the lease, as required by the common law to entitle a lessor to enforce a forfeiture (Jackson v. Allen, 3 Cow. (N. Y.) 220, 227; Atlantic & Pacific Railroad v. Mingus, 165 U. S. 413, 428, 17 Sup. Ct. 348, 41 L. Ed. 770). But the Revised Statutes and Codes of Porto Rico provide:

"(4578) Sec. 1472. The lessor may judicially dispossess the lessee for any of the following causes: * * *

"2. Default in payment of the price agreed upon."

And, if this means that, under the civil law a breach of covenant to pay rent may be available of to enforce a forfeiture without reserving a right of re-entry or making the payment of the rent a condition to the continuance of the lease, it would seem that the government, notwithstanding the absence of the foregoing provisions in the lease, might avail itself of a right to enforce a forfeiture provided it took the proper steps to do so.

The breach of a condition or of a covenant with a right of re-entry does not ipso facto work a forfeiture of a lease; it merely subjects the grantee or lessee to a liability to have a forfeiture declared. It is at the election of the lessor to say whether he will avail himself of the breach and declare a forfeiture or not, and, where the lessor is an individual, he is the party to make the election, and, where the lessor is the United States, it devolves upon Congress to exercise the power. In the latter case, the power to declare a forfeiture residing solely in Congress, its election so to do must be manifested in a legislative act. While there may be some doubt from the expressions used in the decided cases as to what action on the part of Congress may be sufficient to manifest an intention to declare a forfeiture, there can be no doubt that some legislative action is necessary for this purpose. United States v. De Repentigny, 5 Wall. 211, 268, 18 L. Ed. 627; Schulenberg v. Harriman, 21 Wall. 44, 63, 22 L. Ed. 551; St. Louis, Iron Mountain, etc., Ry. Co. v. McGee, 115 U. S. 469, 6 Sup. Ct. 123, 29 L. Ed. 446; New York Indians v. United States, 170 U. S. 1, 24, 18 Sup. Ct. 531, 42 L. Ed. 927; Spokane, etc., Ry. v. Washington & Great Northern Ry. Co., 219 U. S. 166, 173, 31 Sup. Ct. 182, 55 L. Ed. 159. See, also, United States v. Washington Improvement Co. (C. C.) 189 Fed. 674. In this case it does not appear that any legislative action looking to the declaration of a forfeiture has been taken by Congress, and, such being the situation, the present action cannot be maintained.

[3] It should perhaps also be stated that we are of the opinion that there is another insuperable objection to the maintenance of the action. The right reserved in the lease to increase the rent upon the cessation of the military easements contemplated a reasonable increase in the rental due to the increased value of the occupation and enjoyment of the land on the cessation of those easements. The District Court found that the reasonable value of the land after the removal of the military easements did not exceed $30 or $40 per square meter, and that a reasonable rental would be 5 per cent. of the valuation thus determined. The reasonable rental based on these figures for the 1,248.24 square meters of land here in controversy would be $2,496.48, or practically one half the rental demanded. The court below construed the stipulation of the parties in the case that the defendant "refused to pay said rent or to recognize the right of the United States to demand such increase," as a denial of the right of the government to increase the rent and a refusal on the part of the defendant to pay any increased

rental whatsoever, and that such being the case it was in default whether the increase was reasonable or otherwise. We, however, think that the stipulation does not warrant such a construction; that it means rather that the defendant did not question the right of the government to increase the rental, but that the amount to which it had increased it was unreasonable and in excess of its right; and, this being so, the refusal to pay the sum demanded would not put the defendant in default and entitle the plaintiff to assert a forfeiture.

The judgment of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.