(September 3, 1921.)'

JOHN W. HURST and FRANK BIGHAM, Respondents, v. IDAHO–IOWA LATERAL AND RESERVOIR COMPANY, a Corporation, Appellant.

[202 Pac. 1068.]

PUBLIC LANDS—RIGHTS OF WAY FOR CANALS AND RESERVOIRS—DISPOSITION OF LANDS SUBJECT TO RIGHT OF WAY.

1. Where rights of way for reservoirs and canals have been granted over public lands of the United States, under the act of Congress of March 3, 1891, and such lands are thereafter disposed of in accordance with the provisions of the act subject to such right of way, such disposition carries with it all interest of the United States in the land, including the reversion in case of breach of condition subsequent or in case of abandonment.

2. A patentee of land over which a right of way for a reservoir has been granted, pursuant to act of Congress of March 3, 1891, or his successor in interest, is invested with the right to institute proceedings to obtain a declaration of forfeiture for breach of condition subsequent and to quiet title in case of abandonment.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action to obtain declaration of forfeiture. Judgment for defendant. Order granting new trial affirmed.

Richards & Haga, for Appellant.

Upon a breach of the express or implied conditions of the grant the estate granted does not terminate *ipso facto,* but there must be a declaration of forfeiture, either by act of Congress or in judicial proceedings instituted by the United States under authority of Congress in order to terminate the estate granted, and this rule applies equally to right of way grants under the Irrigation Act of 1891, to the railroad right of way acts and to grants in aid of construction of railroads. (*United States v. Whitney,* 176 Fed. 593; *Union Land & Stock Co. v. United States,* 257 Fed. 635, 168 C. C. A. 585; *Schulenberg v. Harriman,* 21 Wall. 44, 22 L. ed. 551; *Grinnell v. C. R. I. & P. Ry. Co.,* 103 U. S. 739, 26 L. ed. 456; *United States v. Northern Pacific Ry. Co.,* 177 U. S. 435, 20 Sup. Ct. 706, 44 L. ed. 836; *Bybee v. Oregon & California R. R. Co.,* 139 U. S. 663, 11 Sup. Ct. 641, 35 L. ed. 305; *Union Pac. Ry. Co. v. Snow,* 231 U. S. 204, 34 Sup. Ct. 104, 58 L. ed. 184; *Spokane & B. C. Ry. Co. v. Washington & Great N. Ry. Co.,* 219 U. S. 166, 31 Sup. Ct. 182, 55 L. ed. 159; *Spokane & B. C. Ry. Co. v. Washington & Great Northern Ry. Co.,* 49 Wash. 280, 95 Pac. 64; *Utah N. & C. Ry. Co. v. Utah & C. Ry. Co.,* 110 Fed. 879; *St. Louis etc. Ry. Co. v. McGee,* 115 U. S. 469, 6 Sup. Ct. 123, 29 L. Ed. 446; *Van Wyck v. Knevals,* 106 U. S. 360, 1 Sup. Ct. 336, 27 L. ed. 201.)

The courts, the Interior Department and the text-writers on the subject use the expressions, "condition subsequent," "condition of reverter" and "possibility of reverter" interchangeably, and apply the same rule in all such cases that the condition must be asserted by the United States government. (*United States v. Whitney, supra; Oregon Short Line R. R. Co. v. Stalker,* 14 Ida. 371, 94 Pac. 59; *Spokane & B. C. Ry. Co. v. Washington & G. N. Ry. Co., supra; Northern Pac. Ry. Co. v. Townsend,* 190 U. S. 267, 23 Sup. Ct. 671, 47 L. ed. 1044; *Rio Grande Western Ry. Co. v. Stringham,* 239 U. S. 44, 36 Sup. Ct. 5, 60 L. ed. 136; *E. A. Crandall,* 43 L. D. 558; Washburn on Real Property,

secs. 954, 1512; 1 Tiffany on Real Property, pp. 311, 312, 334, 472–474.)

The right of re-entry by the government or its possibility of reverter for breach of conditions expressed or implied in the grant is not conveyed by patents issued subject to the right of way and cannot be asserted by the patentees of the legal subdivisions over which the right of way has been granted. (*Northern Pac. Ry. Co. v. Smith,* 171 U. S. 260, 23 Sup. Ct. 671, 43 L. ed. 157; *St. Joseph etc. R. Co. v. Baldwin,* 103 U. S. 426, 26 L. ed. 578; 1 Tiffany on Real Property, 3d ed., pp. 311, 312, 334, 472–474; Jones on Easements, sec. 844; *Regulatons,* 36 L. D. 566; *Johnson v. Spokane International Ry. Co.,* 25 Ida. 389, 137 Pac. 894; *Taggart v. Great Northern Ry. Co.,* 208 Fed. 455, 211 Fed. 288, 129 C. C. A. 356.)

Abandonment of nonuser of a right of way due to circumstances beyond the parties' control or loss of the right to divert water for use on such right of way does not of necessity work an abandonment of the right of way. (*Welch v. Garrett,* 5 Ida. 639, 51 Pac. 605; *Ada County etc. Co. v. Farmers' Canal Co.,* 5 Ida. 793, 51 Pac. 990, 40 L. R. A. 485; 2 Kinney on Irr. & Water Rights, p. 784.)

E. G. Davis, for Respondents.

Sec. 5582, C. S., uses the term "abandoned" in the sense that the term "forfeiture" is generally used in statutes of this character. The abandonment specified by this statute involves no element of intent whatever. (2 Kinney on Irrigation, sec. 1119, p. 2022.)

A forfeiture or abandonment under sec. 5582, C. S., results whenever there has been a failure for five consecutive years to apply the water to the beneficial use for which it was appropriated, regardless of the question of intent, and whenever there has been such abandonment or forfeiture of a water right, a corresponding forfeiture follows of all rights of way for ditches, reservoirs, etc., which the owner of the fee in the lands to which such right of way attaches may

enforce in a state court. (*Smith v. Hawkins,* 110 Cal. 122, 42 Pac. 453; Kinney on Irrigation and Water Rights, 2d ed., sec. 1118.)

RICE, C. J.—This is in some respects a companion case to that of *Carns v. Idaho-Iowa Lateral & Reservoir Co., ante,* p. 330, 202 Pac. 1071. In this case the respondents alleged that they were the owners of certain lands in Ada county; that the appellant claims an easement in the said lands for its canal and reservoir by reason of compliance with the provisions of the act of Congress of March 3, 1891, 26 Stats. at L. 1101–1102; that the reservoir of appellant was built and constructed in the year 1904; that the irrigation project of which it is a part has never been completed as provided in said act; that the waters impounded in the reservoir had not been used for purposes of irrigation except for the years 1904 and 1905 to irrigate lands belonging to O. O. Haga, and that since that time water has been impounded in said reservoir but never put to any beneficial use and that the lateral used in 1904 and 1905 for the irrigation of the thirty-two acres of land belonging to Haga has not been used since that time and has been filled up with earth and brush and is no longer capable of conducting water.

Respondents prayed judgment that the claim of appellant to an easement in said lands be by the court adjudged and decreed without right or merit and be by the court declared forfeited and abandoned.

Appellant in its answer denied many of the allegations of the complaint, and as a separate defense set up its organization and its compliance with the provisions of the act of Congress above mentioned, and that pursuant thereto it had obtained title from the government to its reservoir site. The appellant also alleged that the respondents and others in the year 1912 filed a protest in the United States land office objecting to the approval of appellant's reservoir and right of way and the acceptance of evidence of construction of the same; that appellant caused an answer to be filed to

said protest and after due proceedings the matter was submitted to the United States general land office at Washington, D. C., and a decision there rendered holding such protest for dismissal, subject to the right of appeal; that no appeal was taken and the decision of the general land office became final, the protest was dismissed and the case closed; that thereafter and on March 3, 1914, the Secretary of the Interior of the United States approved the map of amended definite location and the amended field-notes and accepted proof of construction and completion of the reservoir; that all questions raised in this proceeding were involved in the hearing before the Department of the Interior, and by reason of the action of the department became *res adjudicata* as against respondents, and all persons claiming or to claim through or under them; that respondents made entry and received patent to their lands subject to the rights of appellant.

A trial was had and a decree entered in favor of appellant. Thereafter the trial court set aside its decision and decree and granted a new trial. The ground upon which the new trial was granted was stated by the court to be "that the decision of the court is against the law wherein it was held in the third conclusion of law that the title of defendant to its reservoir site 'continues so long as the land is used for reservoir purposes,' as distinguished from purposes of irrigation, as prescribed in the act of March 3, 1891; and wherein it was held in the fourth conclusion of law 'that there has been no abandonment of said reservoir site by defendant'; it being the desire of the trial court to re-examine this finding in the light of section 5582, Compiled Statutes of Idaho; and wherein the decision of the court held in effect that the right of way for a reservoir can continue to be held in the event of abandonment of the water right which formed the basis of the grant of the right of way for reservoir purposes, it being the desire of the trial court to re-examine this finding in the light of

section 5582, Compiled Statutes of Idaho.'' The appeal is from the order granting the motion for a new trial.

Appellant contends that the trial court erred in granting a new trial. The contention is made that only the United States can take advantage of forfeiture and that if appellant failed to use its reservoir site for the purposes of the grant, private parties like respondents cannot quiet title in the absence of any action by the United States, either by act of Congress or by judicial proceeding to forfeit the grant. This is the only question which we deem it necessary to consider on this appeal. If respondents can maintain this action, doubtless the trial court will desire to re-examine the facts in its consideration of the other questions presented and may desire to make additional findings as a basis for its decision.

With reference to the allegation that all the questions raised in this proceeding have become *res adjudicata* through the action of the general land office, it is sufficient to say that that decision does not touch any question of forfeiture for failure to use the right of way for the purpose for which it was granted, or of statutory abandonment of the water right which formed the basis of the grant of right of way.

Appellant contends that the various acts of Congress granting rights of way to railroads, canal and reservoir companies use practically the same language and are given the same construction; that under all such acts the United States grants a qualified or conditional fee to the right of way claimant subject to the express condition that the railroad, canal or reservoir be constructed within the time limited in the act and subject also to an implied condition that the land granted be used for the purposes of the grant. In support of these contentions many cases are cited such as: *United States v. Whitney*, 176 Fed. 593; *Union Land & Stock Co. v. United States*, 257 Fed. 635, 168 C. C. A. 585; *United States v. Northern Pacific Ry. Co.*, 177 U. S. 435, 20 Sup. Ct. 706, 44 L. ed. 836; *St. Joseph etc. R. Co. v. Baldwin*, 103 U. S. 426, 26 L. ed. 578; *Bybee v.*

*Oregon & C. R. Co.,* 139 U. S. 663, 11 Sup. Ct. 641, 35 L. ed. 305; *Union Pacific R. Co. v. Snow,* 231 U. S. 204, 34 Sup. Ct. 104, 58 L. ed. 184; *Spokane & B. C. R. Co. v. Washington & Great N. R. Co.,* 219 U. S. 166, 31 Sup. Ct. 182, 55 L. ed. 159; *Oregon Short Line R. Co. v. Stalker,* 14 Ida. 362, 94 Pac. 56; *Stalker v. Oregon Short Line R. Co.,* 225 U. S. 142, 32 Sup. Ct. 636, 56 L. ed. 1027; *Grinnel v. Chicago, etc R. Co.,* 103 U. S. 739, 26 L. ed. 456; *Van Wyck v. Knevals,* 106 U. S. 360, 1 Sup. Ct. 336, 27 L. ed. 201; *Rio Grande Dam & Irr. Co. v. United States,* 215 U. S. 266, 30 Sup. Ct. 97, 54 L. ed. 190.

It is further contended that there remains in the United States, after a grant of a right of way, merely a possibility of reverter which is not subject to transfer and does not vest in the patentee of land which has been conveyed by the United States subject to a right of way for a reservoir site.

It was the rule of the common law that a mere possibility of reverter, where lands have been granted in fee on condition subsequent, was not transferable. (Jones on Easements, sec. 844; *Schulenberg v. Harriman,* 21 Wall. 44, 22 L. ed. 551.) Such right of reverter, however, may be made transferable by statute. (Tiffany on Real Property, sec. 86.) The question here is, whether the act of Congress providing that the lands over which a right of way for a reservoir has been granted shall be disposed of subject to such right of way invests the patentee of such land with the right to institute proceedings for a declaration of forfeiture, for breach of condition subsequent, and to quiet his title in case of abandonment.

The construction placed upon the act by the Department of the Interior is indicated by the following, taken from the regulations promulgated by that department, to be followed by those seeking to obtain a right of way under the act: "The right granted is not in the nature of a grant of lands, but is a base or qualified fee. The possession and right of use of the lands are given for the purposes con-

templated by law, but a reversionary interest remains in the United States, to be conveyed by it to the person to whom the land may be patented, whose rights will be subject to those of the grantee of the right of way.'' (36 L. D. 568. See, also, the case of *Homer E. Brayton,* 31 L. D. 364.)

The precise question presented in this case has not been considered by the courts in any of the numerous cases cited by appellant.

Some distinctions may be drawn between rights of way granted by congressional act to railroad companies and those granted to reservoir and canal companies. Both require continuous possession for the works constructed thereon, but while in the case of a railroad the grantee is entitled to absolute and exclusive possession of the entire right of way granted. (*Northern Pac. R. Co. v. Townsend,* 190 U. S. 267, 23 Sup. Ct. 671, 47 L. ed. 1044; *New Mexico v. United States Trust Co.,* 172 U. S. 171, 19 Sup. Ct. 128, 43 L. ed. 407), section 21 of the act of March 3, 1891, expressly provides that a canal or ditch company is not authorized to occupy the right of way except for the purposes of said canal or ditch and then only so far as may be necessary for the construction, maintenance and care of said canal or ditch. Moreover, while the construction of canals or ditches is a matter of public concern, in that it is desirable to encourage the development of the resources of the country, yet such canals or ditches when constructed are generally purely private property. Their owners are not burdened with public duties as are railroad companies.

We think it was the intention of Congress in making provision for the disposition of public lands, over which rights of way for reservoirs and canals have been granted subject to such rights of way, that such disposition should carry with it all the interest of the United States in the land, including the reversion in case of breach of conditions subsequent or in case of abandonment. The natural construction of the language of the statute leads to this conclusion. No sufficient reason is suggested which requires

a different construction. It is the policy of the United States to make final disposition of its lands and subject them to the jurisdiction of the states in which they are situated, unless some public interest requires a continuation of governmental control.

In the case of *Denver & R. G. Co. v. Mills,* 222 Fed. 481, 138 C. C. A. 77, it is said: "Since there was an abandonment, the question arises, to whom did the right of way revert? The original entries were made subject to the right of way. The patents were issued for the entire tract, but did not include the right of way so long as it was used for the purpose contemplated by the grant. In the face of the patents, it cannot be said that the title reverted to the United States. The estate of the railroad company was, to use the language of the Townsend case, 'a limited fee.' Upon the extinction of that title by abandonment it was merged in the title held by those holding under the patentees, . . . ."

It was held in the case of *Baldridge et al. v. Leon Lake Ditch & Reservoir Co.,* 20 Colo. App. 518, 80 Pac. 477, that state courts have jurisdiction to entertain suits similar to the one at bar.

In the case of *Spokane & British Columbia R. Co. v. Wash. & G. N. R. Co.,* 219 U. S. 166, 31 Sup. Ct. 182, 55 L. ed. 159, the court concluded its opinion with the following paragraph: "The contention that the grant was abandoned by the grantee, or that the circumstances show estoppel to make claim under it, do not present questions reviewable here. The state court having, in our view, properly decided the federal question made, upon which this court alone could take jurisdiction, its judgment must be affirmed."

The question as to whether there has been a statutory abandonment of the water right in this case is a question of state jurisdiction, and does not present a federal question. So also, in general, the question as to whether the right of way for a ditch or canal used for the carriage of

water is extinguished with the loss of the water right is one of state jurisdiction only. It is not believed that Congress intended to make an exception of rights of way granted by the act of March 3, 1891.

The order granting a new trial is affirmed. Costs to respondents.

Dunn and Lee, JJ., concur.

Budge, J., did not sit at the hearing or take any part in the opinion.

McCarthy, J., being disqualified, did not sit at the hearing or take any part in the opinion.

Petition for rehearing denied.