Cornell **TAHDOOAHNIPPAH** et al., **Plaintiffs-Appellees,**

v.

John W. **THIMMIG** et al., **Defendants-Appellants,**

**UNITED STATES** of America, **Plaintiff-Appellee,**

v.

**STATE OF COLORADO,** Defendant-Appellant.

No. 72–1811.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 24, 1973.

Decided July 10, 1973.

John E. Bush, Deputy Atty. Gen. (John P. Moore, Atty. Gen., with him on the brief), for defendants-appellants.

Peter R. Steenland, Atty., Dept. of Justice (Kent Frizzell, Asst. Atty. Gen., James L. Treece, U. S. Atty., and Edmund B. Clark, Atty., Dept. of Justice, with him on the brief), for plaintiff-appellee United States.

Harris D. Sherman, Denver, Colo., for plaintiffs-appellees Cornell Tahdooahnippah, and others.

Before SETH, Circuit Judge, LARA-MORE, Senior Judge, United States Court of Claims*, and HOLLOWAY, Circuit Judge.

SETH, Circuit Judge.

This action arises from a grant of land by the United States to Colorado in 1910 (36 Stat. 269). The Congressional Act included two tracts, one known as the Hesperus site consisting of several thousand acres near Durango, Colorado, on which was then located the Fort Lewis School; the second tract was near Grand Junction, Colorado. A condition in the grant as so made was that:

" . . . [S]aid lands and buildings shall be held and maintained by the State of Colorado as an institution of learning, and that Indian pupils shall at all times be admitted to such school free of charge for tuition and on terms of equality with white pupils. . . . "

The Act required express acceptance of the provisions by Colorado, and this was done by an Act of the Legislature in 1911 and by consent of the Governor.

Thereafter the state operated a school on the Hesperus site, Fort Lewis School, which was tuition free for Indian students. In 1956 the school was moved to a new campus at Durango, Colorado, about twelve miles distant. The school has there been a four-year college, and tuition free to Indian students until the Colorado Legislature by statute limited free tuition at the school to Indian students who were Colorado residents and who needed such financial assistance. This Act gave rise to this litigation. The Hesperus site from which the school was moved has since been used only by the state as an agricultural experiment station.

One suit was commenced by the United States and the other by Indian students. The trial court found in favor of the United States and enforced the grant as a contract. The trial court did not rule on the action brought by the students. The state of Colorado has taken this appeal.

Congress passed further legislation in 1916 referring to the Act granting the two tracts, and confusion arose as to whether this referred to both tracts or just to the one at Grand Junction. This legislation changed the permitted or directed uses to which the land could be put. The trial court found this referred only to Grand Junction.

The plaintiff, the United States, in its suit (No. C–3846), asserted that a contractual relationship between it and the state of Colorado arose from the acceptance by the state of the grant of land made in 1910 and known as the Hesperus site, and further that the contract could be enforced in this action. The state takes the position that instead the grant vested title in the tract subject to conditions subsequent, and in the event of breach could only be enforced by an action for reentry.

Several individuals who are Indians accepted for admission to the Fort Lewis College brought a separate suit (No. C–3265), also asserting that a contract arose from the grant. They alleged that as nonresidents of Colorado they were also entitled to free tuition. The individuals thus sought by an injunctive remedy to enforce the contract. The trial court held that its disposition of the action brought by the Government would dispose of both cases, and thus did not reach the additional questions arising from the suit by the individuals. These additional questions are, of course, not before us, and we will consider only the action by the Government.

The case brought by the United States (No. C–3846) was decided by the trial court on motions for summary judgment. The court decided that a contract did exist which could be enforced under the proof submitted; further, that under this contract the state had undertaken the obligation to admit to the Fort Lewis School, now Fort Lewis College at Durango, Colorado, all Indian students

* Sitting by designation.

tuition free who were otherwise qualified.

The only issue therein tried by the United States or the state was whether a contract arose from the acceptance of the grant or land or instead whether a fee with conditions subsequent was created. There were no pleadings nor direct proof to raise any other issue or defense. The proof did establish a contract as the trial court concluded, and the action of the state in attempting to modify the contract unilaterally was not effective.

■ We agree with the legal conclusions reached by the trial court as to the nature of the grant. These basic conclusions are that there was not a grant by the United States *in praesenti,* but instead title did not pass until an express acceptance was made by the state; that there was reserved no right of reverter or right to reenter upon breach of the conditions; and that the obligation pertained also to the school at its new location not on the original grant.

The grant is somewhat unusual in that it did not purport to pass title upon its execution or delivery, although the words, " . . . there is hereby granted . . . on the . . . conditions . . . " are used. Instead it provided the grant be effective if the state filed an acceptance of the property by the Governor and the Legislature " . . . upon the terms and conditions herein prescribed, . . . " before July 1st, 1911. It provided further that if it was not so accepted it would be sold at public auction. Colorado did accept the grant as it provided. This provision for an express acceptance of conditions by the state serves to distinguish this grant from the one considered in Schulenberg v. Harriman, 21 Wall. 44, 88 U.S. 44, 22 L.Ed. 551 and in Spokane & British Columbia Ry. v. Washington & Great Northern Ry., 219 U.S. 166, 31 S.Ct. 182, 55 L.Ed. 159. The state argues that grants of land usually require acceptance, and we agree, but the acceptance here expressly required was acceptance upon the "terms and conditions" therein prescribed. This to us indicates that an express agreement by the state to be bound by the conditions was required. This is sufficiently different from a bare acceptance of the conveyance to give rise to different consequences. This factor, when combined with the absence of an express reverter or right to reenter, is sufficient reason to hold that this was not a grant *in praesenti* with conditions subsequent. See ALI Restatement of Property § 45.

■ The Supreme Court has on occasion directed a forfeiture when a right of way acquired from the Government has not been used, and it is impossible to use it for the purpose for which it was granted. Kern River Co. v. United States, 257 U.S. 147, 42 S.Ct. 60, 66 L.Ed. 175. Application was there made for the right of way for irrigation purposes under a particular statute for such use, and under such conditions the implication was clearly warranted. However, no such basis for an implied reversion exists in the case before us. See 4 Thompson, Real Property (1961) § 1878. Thus we hold that the trial court was correct in holding that there was a contractual relationship established by the grant so accepted by the state, and further, that the obligations arising therefrom could be enforced in this action by the United States.

As indicated above, the Fort Lewis School was initially operated on the Hesperus site, but was moved from the tract granted to the state to a new location about twelve miles distant about 1963. The trial court found that "moved" was the correct term, as the school near Durango, now Fort Lewis College, was essentially the same school as had been on the Hesperus site. The old site was thereafter, and is, used as an agricultural experiment station. The trial court found, and we agree, that this use of the tract granted was not shown by the state to be within the purposes of the grant.

The further argument is made by the state that legislation in 1916 changed

the purposes for which it could use the Hesperus site and so modified the conditions in the 1910 Act. There is some confusion caused by references to the 1910 Act or grant which covered the tract here in issue and another at Grand Junction, Colorado. The reference does require some interpretation, but the exhibits, and especially the letters, attached to the various motions support the conclusion reached by the trial court. This conclusion was that the 1916 Act related only to the Grand Junction tract to accommodate a needed change in the permitted use. We agree.

There was no period of time for performance expressed in the grant-contract. This would, of course, not be expected, and is a factor which we have considered above on the contract vs. fee issue. However, we do not consider that this factor alone, nor with the others, leads to a different conclusion as to the nature of the relationship. It does, however, give rise to other considerations in view of the "contract" conclusion.

The apparent duration of the contract in perpetuity does not render it invalid. Such a contract may be enforced for a reasonable time viewed in the light of conditions existing when it was entered into, what could be foreseen, and as this relates to conditions prevailing at the time performance is sought to be terminated. The ordinary rules of law relating to contracts prevail as to this one, but this aspect of the case, or issue, has not been tried and apparently could not have been under the pleadings. In any event this issue was not raised, tried, nor decided since the contentions were directed only to the contract vs. fee issue.

We affirm the judgment of the trial court on the basis of the record made, but we do not thereby hold, nor did the trial court hold, that the contract can never be terminated in accordance with the prevailing doctrines of the law of

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New

contracts, or proceedings commenced by these parties to raise such issues.

As stated above, the trial court did not consider the issues raised in the suit brought by the individuals (No. C–3265), and, of course, we do not.

The judgment in United States v. State of Colorado (No. C–3846 in the District Court) is affirmed.