MR. JUSTICE WEBER
dissents as follows:
I respectfully dissent from the basic conclusion of the majority opinion that the question of non-use of the reservoir site can be raised only by the United States and not by the patentees and their successors in interest. I conclude that the successor in interest to the patentee from the United States has the capacity to raise the question of non-use.
In concluding that it is only the United States which can seek a forfeiture, the majority opinion relies upon Wiltbank v. Lyman Water Company (Ct.App. 1970), 13 Ariz.App. 4854, 477 P.2d 771. There are significant differences between the Wiltbank facts and those in the present case. In Wiltbank, the United States government simultaneously granted reservoir rights and the right to enough water to fill the reservoir to its maximum height and to keep it filled if possible. The issues in Wiltbank included both the reservoir site and the right to the water to fill the reservoir. The Arizona court concluded that it would be absurd to allow a reservoir reversion to the federal government and not include the water rights to fill it. The court further concluded that the reservoir and the necessary water rights both made up the limited fee which was retained by the United States and not granted to the patentee. Based upon that conclusion, the Arizona court held that any forfeiture or abandonment is strictly an issue between the limited fee holder and the United States as the grantor with reverter rights. I do not find Wiltbank to be persuasive authority in the present case which deals only with a reservoir site and no question has been raised as to the right to the use of water itself.
I would adopt the rationale used by the Idaho Supreme Court in Hurst v. Idaho-Iowa Lateral & Reservoir Co. (1921), 34 Idaho 342, 202 P. 1068. In Hurst the appellants claimed an easement in land for a canal and reservoir granted under the same act of Congress of March 3, 1891, described in our own case. In Hurst the respondent as the owners of the land upon which the reservoir was located, *297 sought a declaration by the Idaho court that the easement in the lands had been forfeited and abandoned. In granting a new trial, the Idaho Supreme Court referred to the contention that only the United States may act:
“The contention is made that only the United States can take advantage of forfeiture, and that if appellant failed to use its reservoir site for the purposes of the grant, private parties like respondents cannot quiet title in the absence of any action by the United States . . . This is the only question which we deem it necessary to consider on this appeal.” Hurst, 202 P. at 1069.
The Idaho Supreme Court concluded that the disposition by patent carried all of the interest of the United States in the land, including the right to declare a reversion, stating:
think it was the intention of Congress in making provision for the disposition of public lands, over which rights of way for reservoirs and canals have been granted subject to such rights of way, that such disposition should carry with it all the interest of the United States in the land, including the reversion in case of breach of conditions subsequent or in case of abandonment. The natural construction of the language of the statute leads to this conclusion. No sufficient reason is suggested which requires a different construction. It is the policy of the United States to make final disposition of its lands and subject them to the jurisdiction of the states in which they are situated, unless some public interest requires a continuation of governmental control.” Hurst, 202 P. at 1070.
I approve the foregoing analysis. There is nothing in the federal statutes or regulations which supports the majority conclusion that the right of reversion was to remain vested in the United States. There is no intention to reserve in the patent from the United States. There is no public policy suggested in the present case which makes a reservation appropriate.
I would therefore conclude that as a result of the issuance of the United States patent, the patentee and his successors in interest have succeeded to the right to claim a forfeiture or reverter.