08-2317-cv
Ford v. D.C. 37 Union Local 1549

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

———————

August Term, 2008

(Argued: August 6, 2009                    Decided: August 25, 2009)

Docket No. 08-2317-cv

————————————————

ROXANNE FORD,

*Plaintiff-Appellant*,

-v.-

D.C. 37 UNION LOCAL 1549,

*Defendant-Appellee*.

————————————————

Before: McLAUGHLIN, CALABRESI and RAGGI, *Circuit Judges*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Chin, *Judge*).  AFFIRMED.

Roxanne Ford, *pro se*, New York, NY, *for Plaintiff-Appellant*.

Robin Roach, Senior Assistant General Counsel, District Counsel 37, AFSCME, AFL-CIO, New York, NY, *for Defendant-Appellee*.

————————————————

PER CURIAM:

Appellant Roxanne Ford, *pro se*, appeals the district court's judgment granting the defendant's motion to dismiss Appellant's complaint alleging a breach of the duty of fair representation under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq.*, for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court decision dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(1), construing the complaint liberally and accepting all factual allegations in the complaint as true. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

As the language of the LMRA makes plain, public employees are not covered by that statute. *See* 29 U.S.C. § 152(2) (exempting from the definition of employer "any State or political subdivision thereof"). The point is sufficiently clear so that it has been routinely addressed by summary orders. *See Baumgart v. Stony Brook Children's Serv., P.C.*, 249 F. App'x 851, 852 (2d Cir. 2007) (unpublished); *Majeske v. Congress of Conn. Comty. Colls.*, No. 98-7226, 1998 WL 907915, at *2 n.2 (2d Cir. Dec. 23, 1998); *Smith v. United Fed'n of Teachers*, No. 97-7678, 1998 WL 639756, at *1 (2d Cir. Mar. 26, 1998). The Supreme Court has also taken this view, which we are bound to follow. *See N.L.R.B. v. Natural Gas Util. Dist. of Hawkins County, Tenn.*, 402 U.S. 600, 602-03 (1971) (holding that a Tennessee public utility district was not an "employer" under § 152(2) because it was a "political subdivision" of

Tennessee); *see also Police Dep't of the City of Chicago v. Mosley*, 408 U.S. 92, 102 n.9 (1972) ("[T]he National Labor Relations Act specifically exempts States and subdivisions . . . from the definition of 'employer' within the Act."). We deem it appropriate to issue a published opinion and thereby make clear beyond peradventure that this is the law of our Circuit.

Appellant claims, on appeal, that her employer is not a political subdivision of New York and questions whether it was a mayoral agency. It is clear to us, however, that the New York City Department of Health and Mental Hygiene is a "political subdivision" of New York that is exempt under § 152(2).

Furthermore, the district court did not err in failing to address any state law claim that the complaint could be construed to be raising. *See* 28 U.S.C. 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

For the reasons stated above, the judgment of the district court is **AFFIRMED**.